IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CAMPAIGN FOR ACCOUNTABILITY )
1201 Connecticut Avenue, N.W. )
Suite 300 )
Washington, D.C. 20036 )
 )
      Plaintiff, )
 )
v. ) Civil Action No.
 )
U.S. DEPARTMENT OF JUSTICE )
950 Pennsylvania Avenue, N.W. )
Washington, D.C. 20530 )
 )
      Defendant. )
_____)

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA") challenging the failure of the U.S. Department of Justice ("DOJ") to comply with its mandatory, non-discretionary duty under 5 U.S.C. § 552(a), to make publicly available on an ongoing basis opinions of the Office of Legal Counsel ("OLC") that are statements of policy and interpretations that have been adopted by the executive branch, final opinions issued by OLC in the adjudication of disputes involving executive branch agencies, and to provide an index of such opinions.

2. Through an OLC memorandum, public statements, and written statements filed in civil litigation before a court in this district, OLC has acknowledged its core function is to provide controlling legal interpretations to executive branch officials on questions of law that are centrally important to the functioning of the federal government. Yet despite this acknowledgement and the mandate of 5 U.S.C. § 552(a), OLC has adopted an official

policy of making case-by-case individualized decisions about which of its binding, precedential opinions will be made publicly available based on factors of its own choosing.

## JURISDICTION AND VENUE

3. The Court has personal and subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. §§ 2201 and 2202, and 5 US.C. § 552(a)(4)(B).

4. Venue lies in this district under 28 U.S.C. § 1391(e).

## PARTIES

5. Plaintiff Campaign for Accountability ("CfA") is a non-profit, non-partisan project of a tax-exempt entity organized under § 501(c)(3) of the Internal Revenue Code. CfA uses research, litigation and communications to expose misconduct and malfeasance in public life.  As part of its research, CfA uses government records made available to it under public information laws as well as government records agencies have made publicly available.

6. To fulfill this mission, CfA seeks access to OLC opinions.  In a letter dated March 22, 2016, CfA asked OLC to abide by its legal responsibilities pursuant to 5 U.S.C. § 552(a)(2) to make available for public inspection and copying on an ongoing basis all unpublished OLC opinions that provide controlling interpretations of legal authority to executive branch agencies and to provide an index of such opinions. CfA did not make its request pursuant to the FOIA's provisions for requesting individual documents, 5 U.S.C. § 552(a)(3).

7. OLC responded to this letter on May 26, 2016, making clear its continuing position it need not comply with the statute, but instead has the discretion to make

individualized, case-by-case determinations. The refusal of DOJ and OLC to comply with their statutory obligations to provide CfA and the public at large, on an ongoing basis, with OLC opinions that fall within the contours of 5 U.S.C. § 552(a)(2) and an index of such opinions has harmed, and continues to harm, CfA in carrying out its core programmatic activities.

8. Specifically, CfA has suffered an informational harm by being deprived of information the law requires DOJ to affirmatively make available to the public without any action by CfA or any member of the public. This informational harm establishes CfA's standing to sue to enforce the provisions of 5 U.S.C. § 552(a)(2). *See Fed. Election Comm'n v. Akins*, 524 U.S. 11 (1998).

9. Defendant DOJ is an agency within the meaning of 5 U.S.C. §§ 551 and 701. DOJ and its component OLC have possession and control of opinions issued by OLC, and are responsible for making those records available to the public.

## STATUTORY AND REGULATORY BACKGROUND

10. Section 552(a)(2) of Title 5, which was enacted in 1946, is known as the "reading room" requirement of the Freedom of Information Act ("FOIA"). It imposes a number of independent, affirmative obligations on all executive branch agencies, including the obligation to "make available for public inspection and copying" certain designated categories of records. Those categories include, *inter alia*,

> (A) final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases;
>
> (B) those statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register[.]

5 U.S.C. §§ 552(a)(2)(A) and (B).

3

11. Section 552(a)(2)(E) of this statute imposes on agencies the additional requirement to make publicly available:

> current indexes providing identifying information for the public as to any matter issued, adopted, or promulgated after July 4, 1967, and requested by this paragraph [which includes the reading room requirements] to be made available or published.

12. Under 5 U.S.C. §§ 552(a)(2)(A) and (B) agencies must make records that fall within the enumerated categories publicly available without any action on the part of the public, including the filing of an individual request for specified records pursuant to 5 U.S.C. § 552(a)(3).

13. OLC generates records within both of these categories based, in part, on authority derived from the Judiciary Act of 1789. That statute charged the attorney general with, *inter alia*,

> giv[ing] his advice and opinion upon questions of law when required by the President of the United States, or when requested by the heads of any of the departments, touching any matters that may concern their departments.

Judiciary Act of 1789, ch. 20, § 35, 1 Stat. 73, 93.

14. The current codification of the Judiciary Act of 1789 directs the attorney general to render opinions when requested by heads of executive departments "on questions of law arising in the administration of his department." 28 U.S.C. § 512. Pursuant to 28 U.S.C. § 510, the attorney general has delegated this responsibility to OLC.

15. Further, Article 2, Section 2 of the Constitution permits the president to require in writing the opinions of principal officers of each executive department on any subject relating to the duties of their respective offices.

16. By executive order, the president has directed agency heads to submit interagency disputes to the attorney general "[w]henever two or more Executive agencies are unable to resolve a legal dispute between them[.]" Exec. Order No. 12,146, § 1-501, 3 C.R.F. § 409 (1979), reprinted as amended in 28 U.S.C. § 509 (1988).

17. Current DOJ regulations define OLC's function as including the preparation of "the formal opinions of the Attorney General," 8 C.F.R. § 0.25(a), and "[r]endering opinions to the Attorney General and to the heads of the various organizational units of the Department on questions of law arising in the administration of the Department." *Id.*, at § 0.25(c).

## FACTUAL BACKGROUND

18. Then Acting Assistant Attorney General David Barron issued a memorandum on July 16, 2010, regarding the best practices for OLC legal advice and written opinions ("Best Practices Memo"). This memo describes OLC's "core function" as "provid[ing] controlling advice to Executive Branch officials on questions of law that are centrally important to the functioning of the Federal Government." Further, according to the Best Practices Memo, the opinions OLC renders in furtherance of its core function "may effectively be the final word on controlling law." This controlling advice serves as precedent for OLC and the executive branch at large under principles of *stare decisis*.

19. At an American Bar Association conference in the fall of 2014, Principal Deputy Assistant Attorney General Karl Remón Thompson – who currently heads OLC -- discussed the variety of ways in which OLC gives advice, including "writing formal opinions" as well as advice "delivered orally or in emails." He went on to characterize all these kinds of advice as "authoritative," and "binding by custom and practice in the

executive branch. It's the official view of the office. People are supposed to and do follow it."

20. DOJ's website confirms OLC's core function as providing "authoritative legal advice to the President and all the Executive Branch agencies." http://www.justice.gov/olc.

21. In records schedules OLC submits to the National Archives and Records Administration OLC has referred to the controlling legal advice it renders as either (1) "formal legal opinions" it issues to the president, federal agencies, executive departments, and heads of DOJ components, or (2) "informal opinions" that similarly serve as precedents and constitute a body of executive law on important matters.

22. OLC opinions have profound effects on members of the public, as they determine the lawfulness of a range of conduct from warrantless surveillance to targeted killing of Americans on foreign soil. DOJ generally does not prosecute individuals who relied on OLC opinions, regardless of whether their actions later are believed or determined to be illegal. As a result, OLC opinions confer the functional equivalent of immunity from criminal prosecution.

23. Notwithstanding OLC's public statements about the nature and impact of its decisions, OLC has refused and continues to refuse to comply with its obligations under 5 U.S.C. §§ 552(a)(2)(A), (B) and 552(a)(2)(E).

24. On March 22, 2016, Anne Weismann in her capacity as executive director of CfA wrote to Principal Deputy Assistant Attorney General Thompson requesting that OLC comply immediately with its obligations under 5 U.S.C. § 552(a) to make available for public inspection and copying on an ongoing basis all unpublished OLC opinions that

provide controlling legal advice to executive branch agencies and a general index of all such opinions. The letter made clear it was not a request for records under under 5 U.S.C. § 552(b)

25. Deputy Assistant Attorney General John Bies responded to CfA's request by letter dated May 26, 2016. He articulated OLC's continuing position that none of the opinions it issues are covered by the requirements of 5 U.S.C. § 552(a)(2). Rather than complying with its affirmative statutory obligation to make its decisions publicly available, Mr. Bies explained OLC makes individualized, case-by-case determinations regarding publication, exercising discretion based on factors of OLC's own choosing.

26. Mr. Bies' letter was nearly identical to a letter he sent on August 17, 2013, in response to a similar request from Ms. Weismann, then chief counsel of Citizens for Responsibility and Ethics in Washington ("CREW"). In response to DOJ's refusal to comply with its affirmative disclosure obligations under the FOIA, CREW sued DOJ under the Administrative Procedure Act ("APA"), alleging the agency had violated the Freedom of Information Act by failing to make OLC opinions publicly available.

27. In an opinion issued March 7, 2016, the district court dismissed the suit, concluding it was brought under the wrong statute: the APA, rather than the FOIA. *CREW v. U.S. Dep't of Justice*, No. 13-cv-01291, 2016 U.S. Dist. LEXIS 28497 (D.D.C. March 7, 2016). In reaching this conclusion, the court reasoned that "an action to enforce disclosure under *Section 552(a)(2) does* fall within the scope of *Section 552(a)(4)(B)*, and thus the standards of FOIA, not those of the APA, are applicable to this suit." *Id.*, at *21 (emphasis in original). CREW's appeal from this decision currently is before the D.C. Circuit.

28. OLC's ongoing refusal to comply with its mandatory obligations under 5 U.S.C. § 552(a) has deprived the public and CfA of valuable information and resulted in the creation of a body of authoritative controlling secret law.

## PLAINTIFF'S CLAIMS FOR RELIEF

## COUNT ONE

### Failure to Comply With Disclosure Obligations of 5 U.S.C. § 552(a)(2)

29. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

30. Section 552(a)(2) of Title 5 requires all agencies, including DOJ and its component OLC, to make available for public inspection and copying, *inter alia*, final opinions made in the adjudication of cases and statements of policy and interpretations that have been adopted by the agency and not published in the Federal Register.

31. OLC issues opinions that fall within the categories of records that 5 U.S.C. § 552(a) requires be made available for public inspection and copying including, *inter alia*, formal opinions issued pursuant to the practice and policy spelled out in the Best Practices Memo, and other opinions that bind federal agencies.

32. Notwithstanding the clear, non-discretionary mandate set forth in 5 U.S.C. § 552(a)(2), which requires DOJ to act regardless of whether there has been a request for specified records pursuant to 5 U.S.C. § 552(a)(3), DOJ has refused for years to make available for public inspection and copying all final opinions made in the adjudication of cases and statements of policy and interpretations that have been adopted by the agency.

33. As a result, CfA and the public have been deprived of information the statute guarantees to them a right of access. This has led to the creation of a body of secret law

baz
<small>
</small>

within OLC and DOJ, the precise danger Congress sought to avoid through the enactment of 5 U.S.C. § 552(a)(2).

34. Plaintiff is therefore entitled to relief in the form of a declaratory judgment that defendant has failed to comply with the disclosure obligations of 5 U.S.C. § 552(a)(2).

35. Plaintiff also is entitled to an injunction directing DOJ and its component, OLC, to comply with the disclosure obligations mandated by 5 U.S.C. § 552(a)(2) by making available for public inspection and copying, and without a specific request, all past and future final opinions made in the adjudication of cases and statements of policy and interpretations that have been adopted by the agency and not published in the Federal Register. Such injunction shall specify that this includes, *inter alia*, those written opinions issued by OLC that provide controlling advice to executive branch officials and agencies on questions of law, whether formal or informal, those opinions that serve as precedent within OLC and the executive branch, and those opinions that serve as interpretive guides for the executive branch.

## COUNT TWO
### Failure to Comply With Indexing Requirement of 5 U.S.C. § 552(a)(2)(E)

36. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

37. Section 552(a)(2)(E) of Title 5 imposes on agencies the additional requirement to make publicly available current indexes providing identifying information for the public as to any matter issued, adopted, or promulgated after July 4, 1967, and

requested by this paragraph [which includes the reading room requirements] to be made available or published.

38. Notwithstanding the clear, non-discretionary mandate set forth in 5 U.S.C. § 552(a)(2)(E, which requires DOJ to act regardless of whether there has been a specific request for an index, DOJ has failed for years to make available for public inspection and copying indices of all final opinions made by OLC in the adjudication of cases and statements of policy and interpretations that have been adopted by the agency.

39. As a result, CfA and the public have been deprived of information the statute guarantees them a right to access. This has led to the creation of a body of secret law within OLC and DOJ, the precise danger Congress sought to avoid through the enactment of 5 U.S.C. § 552(a)(2).

40. Plaintiff is therefore entitled to relief in the form of a declaratory judgment that defendant has failed to comply with the indexing and disclosure obligations of 5 U.S.C. § 552(a)(2)(E).

41. Plaintiff also is entitled to an injunction directing DOJ and its component, OLC, to comply with 5 U.S.C. § 552(a)(2(E) by making available for public inspection and copying, and without a specific request, indices of all past and future final opinions issued, adopted, or promulgated after July 4, 1967, made in the adjudication of cases and statements of policy and interpretations that have been adopted by the agency and not published in the Federal Register. Such injunction shall specify that this includes, *inter alia*, indices of those written opinions issued by OLC that provide controlling advice to executive branch officials and agencies on questions of law, whether formal or informal,

those opinions that serve as precedent within OLC and the executive branch, and those opinions that serve as interpretive guides for the executive branch.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court:

(1) Declare that defendant has failed to comply with the disclosure obligations of 5 U.S.C. § 552(a)(2) by refusing to make available for public inspection and copying all final opinions made in the adjudication of cases and statements of policy and interpretations that have been adopted by the agency;

(2) Order defendant to make available for public inspection and copying all final opinions made in the adjudication of cases and statements of policy and interpretations that have been adopted by the agency;

(3) Order defendant to make available for public inspection and copying all opinions issued by OLC that provide controlling advice to executive branch officials on questions of law that are centrally important to the functioning of the federal government;

(4) Order defendant to make available for public inspection and copying all opinions issued by OLC that serve as precedent either within the OLC or within the executive branch, whether or not they are formal or informal opinions;

(5) Declare that defendant has failed to comply with the disclosure obligations of 5 U.S.C. § 552(a)(2)(e) by refusing to make available for public inspection and copying indices of all final opinions made in the adjudication of cases and statements of policy and interpretations that have been adopted by the agency;

(6) Order defendant to make available for public inspection and copying indices of all final opinions made in the adjudication of cases and statements of policy and

interpretations that have been adopted by the agency as to any matter issued, adopted, or promulgated after July 4, 1967;

(7) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Anne L. Weismann

Anne L. Weismann
D.C. Bar No. 298190
Campaign for Accountability
1201 Connecticut Avenue, N.W., Suite 300
Washington, D.C.  20036
(202) 780-5750
aweismann@campaignforaccountability.org

Dated: June 8, 2016                    Counsel for Plaintiff