IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAMPAIGN FOR ACCOUNTABILITY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:16-cv-1068 (KBJ) |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

**JOINT STATUS REPORT**

On November 7, 2016, this Court entered the following Minute Order in the above-captioned matter:

> In light of Plaintiff's representation that the D.C. Circuit's resolution of Citizens for Responsibility and Ethics in Washington v. U.S. Department of Justice (D.C. Cir. No. 16-5110) might require dismissal of the instant lawsuit, it is hereby ORDERED that this case is STAYED until further Order of this Court. It is FURTHER ORDERED that the parties shall file a joint status report, no later than 30 days after the D.C. Circuit issues its mandate in Citizens for Responsibility and Ethics in Washington v. U.S. Department of Justice (D.C. Cir. No. 16-5110), describing the parties' respective views regarding any impact of that decision on this case.

The D.C. Circuit issued its decision in *Citizens for Responsibility & Ethics in Washington (CREW) v. Dep't of Justice* on January 31, 2017, *see* 846 F.3d 1235 (D.C. Cir. 2017), and then issued the mandate on March 27, 2017. Accordingly, the parties hereby file this joint status report, setting forth their respective views on how the D.C. Circuit's decision affects this case.

**I.   PLAINTIFF'S POSITION**

The United States Court of Appeals for the District of Columbia Circuit, in *Citizens for Responsibility and Ethics in Washington v. United States Department of Justice*, 846 F.3d 1235, 1238 (D.C. Cir. 2017), ruled that the Administrative Procedures Act (APA) cannot be used to

compel the Office of Legal Counsel (OLC) to disclose its opinions or indices of those opinions, finding that the Freedom of Information Act (FOIA) offers an adequate remedy. While CREW's claims were based on the APA, Campaign for Accountability's (CfA) claims rely – as required by the *CREW* Court – on the FOIA. But, while the Circuit Court held that FOIA is the proper vehicle, it also cautioned it was not reaching the merits. The Court stated the question of "whether the reading-room provision commands disclosure of any OLC opinions – awaits a different day and a different case." *Id.* at 1244. This is that case. Therefore, it is CfA's position that this Court must rule and should deny the government's motion to dismiss, allowing CfA the opportunity to develop a factual record, through the use of limited discovery, so that the merits can properly be considered.

While the D.C. Circuit ruled in *CREW* that the APA does not require OLC to publish its opinions in an electronic reading room, the Court also found that OLC opinions may be made available to a specific plaintiff, on a prospective basis, pursuant to FOIA. Indeed, the Court specifically held that a plaintiff may rely on a FOIA suit to "seek an injunction that would (1) apply prospectively, and would (2) impose an affirmative obligation to disclose upon OLC, that would (3) require disclosure of documents and indices only to [the plaintiff], not disclosure to the public." *Id*. at 1242.

The government's motion to dismiss in this case relies on arguments now rejected by the Circuit Court: that the FOIA does not offer the relief sought by CfA, and that plaintiff's claims are not ripe. The government argued CfA's requested relief – a judicial order requiring automatic publication – is not available. D's Mem. at 10. But while the D.C. Circuit agreed that a judicial order requiring publication is not available, it rejected the idea that courts are prohibited from issuing wide-ranging injunctions under FOIA, noting courts have wide latitude to fashion remedies under the statute, including the power to issue prospective injunctive relief. *CREW*, 846 F.3d at

1242. As the Court explained, "we have recognized courts' power to order relief beyond the simple release of extant records." *Id*. As a result, the Court found it had "little trouble concluding that a district court possesses the authority to grant . . . a prospective injunction with an affirmative duty to disclose." *Id*.

The Court explained that, in accordance with *Kennecott Utah Copper Corp. v. United States DOI*, 88 F.3d 1191 (D.C. Cir. 1996), a court does not have authority under FOIA to issue an injunction mandating records be made available for public inspection, but – contrary to DOJ's argument – nothing prevents a court from ordering an agency to provide the plaintiff with those documents. *CREW*, 846 F.3d at 1243.

Also, DOJ has argued this Court lacks jurisdiction to resolve CfA's indexing claim, suggesting this would be "more naturally enforced through the APA[.]" D's Mem at 41. The Circuit Court held, however, that the *Kennecott* analysis also applies to indices; there is "no obstacle" to a court ordering an agency to furnish an index pursuant to the equitable power under the FOIA. *CREW*, 846 F.3d at 1243.

In summary, the D.C. Circuit Court found CREW could, in a FOIA suit seeking to enforce section 552(a)(2), seek a prospective injunction imposing an affirmative obligation on OLC to disclose documents and indices to CREW. *Id*. at 1242. This is exactly the case before this Court: CfA filed a FOIA lawsuit against DOJ challenging the department's failure to comply with section 552(a) and seeking an injunction to require OLC to disclose its opinions and indices. Compl. ¶ 1.

Based on the Court's analysis in *CREW v. DOJ*, as well as for the reasons stated in plaintiff's opposition to defendant's motion, defendant's motion to dismiss should be denied.

## II. DEFENDANT'S POSITION

The D.C. Circuit's recent decision in *CREW v. Dep't of Justice*, 846 F.3d 1235 (D.C. Cir. 2017), supports dismissal of CFA's lawsuit for several reasons.

First, the D.C. Circuit's decision confirms that this Court lacks authority to provide CFA's requested relief. CFA's Complaint does not seek disclosure of OLC opinions to CFA itself; instead, CFA's Complaint requests that the Court "[o]rder defendant to make available for public inspection and copying" a variety of OLC advice documents. *See* Compl. (ECF No. 1) at 11, Prayer for Relief ¶¶ (2)-(4). That relief—an order requiring public inspection and copying—is precisely what the D.C. Circuit held to be precluded under FOIA. *See CREW*, 846 F.3d at 1243 ("[W]e think it clear that a court has no authority under FOIA to issue an injunction mandating that an agency 'make available for public inspection' documents subject to the reading-room provision[.]"); *id.* at 1246 ("[C]ourts lack authority under FOIA to order agencies to make records available for public inspection.'" (modifications omitted, quoting 5 U.S.C. § 552(a)(2)). Accordingly, CFA's claim is not redressable because this Court lacks authority to provide CFA's only form of requested relief.

Second, the D.C. Circuit's decision also supports dismissal of CFA's Complaint on ripeness grounds. The D.C. Circuit made clear that § 552(a)(2) is enforceable apart from requests seeking pre-existing documents under § 552(a)(3). *See CREW*, 846 F.3d at 1240 ("[A] plaintiff may bring an action under FOIA to enforce the reading-room provision, and may do so without first making a request for specific records under section 552(a)(3)." (citing *Irons v. Schuyler*, 465 F.2d 608, 614 (D.C. Cir. 1972)). Critically, however, the *CREW* decision does not affect the core requirement that a plaintiff must present its claims in a sufficiently concrete factual context to allow for judicial resolution. Indeed, that was effectively the holding of *Irons* itself. *See* 465 F.2d at 614 (upholding dismissal of a request "for 'all unpublished manuscript decisions'" because that "is not a request for identifiable records considered as made either under Section 552(a)(2) or Section 552(a)(3)").

To be sure, *one* way a plaintiff might satisfy the ripeness requirement would be to submit a particularized FOIA request under § 552(a)(3). But that is not the only way. A claim might be

-4-

ripe if an agency had repeatedly failed to disclose documents subject to FOIA's publishing requirement in the past, and the plaintiff had reason to believe that such a practice would continue in the future. *Cf. Payne Enters., Inc. v. United States*, 837 F.2d 486, 487, 494-95 (D.C. Cir. 1988) (discussed in *CREW*, 846 F.3d at 1242). A plaintiff might also identify a particular policy or practice applied by an agency that has resulted in the withholding of documents covered by § 552(a)(2). *See CREW*, 846 F.3d at 1242. Or a plaintiff could plead other facts giving rise to a dispute sufficiently concrete to allow for judicial resolution.[*]

Neither the *CREW* decision nor Article III, however, permits a plaintiff to invoke this Court's jurisdiction—armed with essentially no well-pled factual allegations—to resolve the abstract question of whether OLC written opinions are generally required to be published under § 552(a)(2). That is precisely the sort of theoretical inquiry the ripeness doctrine prohibits courts from addressing. And allowing such abstract claims to go forward would radically transform FOIA from a disclosure and publication statute into a vehicle for comprehensive judicial oversight of agency programs—contrary to the D.C. Circuit's instruction that such relief should be rarely granted. *Cf. CREW*, 846 F.3d at 1246 ("[E]ven if CREW prevails on the merits, our conclusion that certain relief is *available* under FOIA says nothing about its propriety in an individual case. Indeed, we expect that only a rare instance of agency delinquency in meeting its duties under the reading-room provision will warrant a prospective injunction with an affirmative duty to disclose subject records to a plaintiff.").

---

[*] In addition to ripeness, there are other independent requirements for a party seeking to bring a claim under § 552(a)(2), such as the need to submit a request and then administratively exhaust that request. *See* 5 U.S.C. § 552(a)(6)(C)(i) (discussing the exhaustion requirements for "[a]ny person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection"); *Prisology, Inc. v. Fed. Bureau of Prisons*, No. 15-5003, --- F.3d ----, 2017 WL 1228576, at *2 (D.C. Cir. Apr. 4, 2017) (noting that in each case discussing § 552(a)(2), "the plaintiff made a request of the agency and the agency denied the request").

Fundamentally, CFA's claim here fails because it is too abstract.  CFA has not specifically alleged any unlawful withholding of particular documents covered by § 552(a)(2), or even any specific agency policy that improperly seeks to implement § 552(a)(2).  Regardless of whether this defect is viewed through the lens of ripeness or failure to plausibly allege a claim for relief—both of which remain available following the D.C. Circuit's decision—the bottom-line result remains the same:  CFA's Complaint should be dismissed.

Finally, even setting aside these threshold reasons why CFA's Complaint must be dismissed, the D.C. Circuit's recent decision does not affect the numerous reasons why CFA's underlying claims fail on the merits—*i.e.*, because OLC advice documents do not fall within the categories of § 552(a)(2), are generally privileged, and are not "secret law."  *See CREW*, 846 F.3d at 1246 ("[O]ur determination that FOIA is the proper vehicle for CREW's claim is entirely distinct from the question whether CREW is entitled to relief. That merits question—whether the reading-room provision commands disclosure of any OLC opinions—awaits a different day and a different case.").  Whatever effect the D.C. Circuit's decision has on this case, therefore, it says nothing about the merits arguments regarding OLC opinions, which also compel dismissal of CFA's lawsuit.  *See, e.g.*, Mem. in Supp. of Def.'s Mot. to Dismiss (ECF No. 9-1) at 19-40.

Accordingly, the D.C. Circuit's recent decision supports dismissal of CFA's Complaint on redressability and ripeness grounds, as well as failure to state a valid claim for relief.  Defendant respectfully requests, therefore, that the Court dismiss CFA's Complaint pursuant to Rule 12(b)(1) and/or Rule 12(b)(6).

Dated: April 26, 2017                Respectfully Submitted,

*/s/ Scott A. Hodes*                              CHAD A. READLER
SCOTT A. HODES                              Acting Assistant Attorney General
D.C. Bar No. 430375

P.O. Box 42002
Washington, DC 20015
Tel:      (301) 404-0502
Fax:      (413) 641-2833
Email:   infoprivacylaw@yahoo.com

*Counsel for Plaintiff*

CHANNING D. PHILLIPS
United States Attorney

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/    Daniel Schwei*
DANIEL SCHWEI
Trial Attorney (N.Y. Bar)
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC 20530
Tel.:     (202) 305-8693
Fax:     (202) 616-8470
Email:   daniel.s.schwei@usdoj.gov

Mailing Address:
Post Office Box 883
Washington, D.C. 20044

Courier Address:
20 Massachusetts Avenue N.W.
Washington, D.C. 20001

*Counsel for Defendant*