# Amended Complaint

# Exhibit B



**U.S. Department of Justice**

Office of Legal Counsel

---

Office of the Deputy Assistant Attorney General          *Washington, D.C.  20530*

May 26, 2016

Anne L. Weismann
Executive Director
Campaign for Accountability
1201 Connecticut Ave., N.W., Suite 300
Washington, D.C. 20036

Dear Ms. Weismann:

This responds to your letter to the Principal Deputy Assistant Attorney General for the Office of Legal Counsel ("OLC") dated March 22, 201[6], in which you express the view that OLC is required by 5 U.S.C. § 552(a)(2) to "make available for public inspection and copying on an ongoing basis all unpublished OLC opinions that provide controlling legal advice to executive branch agencies and a general index of all such opinions OLC has issued."[1]

As explained to you in response to your prior letter, we are committed to complying with our obligations under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  OLC does not have policymaking authority, nor does it enforce laws against or adjudicate the rights of private individuals.  Rather, OLC provides confidential legal advice within the Executive Branch. As such, OLC's advice is ordinarily covered by the attorney-client and deliberative process privileges, and is therefore exempt from mandatory disclosure under the FOIA, *see id.* § 552(b)(5); *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132 (1975).  In addition, as confidential and pre-decisional legal advice, our opinions generally constitute neither "final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases" nor "statements of policy and interpretations which have been adopted by the agency." 5 U.S.C. §§ 552(a)(2)(A) & (B).

Nevertheless, we make an individualized, case-by-case determination with respect to whether each opinion of our Office is appropriate for publication, as described in the memorandum attached to your letter as Exhibit B.  *See* Memorandum for Attorneys of the Office, from David J. Barron, Acting Assistant Att'y Gen., Office of Legal Counsel, *Re: Best Practices for OLC Legal Advice and Written Opinions* 5-6 (July 16, 2010) ("Best Practices Memo"), *available at* www.justice.gov/olc/pdf/olc-legal-advice-opinions.pdf.  This individualized publication decision process includes consultation with interested Executive Branch agencies and consideration of a number of factors, which are set out in the Best Practices

---

[1]  We do not understand your letter to be a "request for records" pursuant to 5 U.S.C. § 552(a)(3), and accordingly we are not treating it as such a request.

Memo.  *See id.*  Similarly, when we receive a FOIA request under 5 U.S.C. § 552(a)(3) seeking OLC records and an opinion or other document is responsive to that request, we consider whether to waive applicable privileges and release the document as a matter of administrative discretion.  *See id.* at 6.  If OLC were to conclude during the publication review process, the FOIA response process, or at any other time that the Department had an obligation under 5 U.S.C. § 552(a)(2) to make a particular opinion publicly available, we would do so at that time.

I hope that this information is helpful.

Sincerely,

John E. Bies
Deputy Assistant Attorney General