## Schwei, Daniel S. (CIV)

| | |
|---|---|
| **From:** | Alexander A Abdo <alex.abdo@knightcolumbia.org> |
| **Sent:** | Tuesday, November 14, 2017 5:09 PM |
| **To:** | Schwei, Daniel S. (CIV) |
| **Cc:** | Jameel Jaffer |
| **Subject:** | Re: Campaign for Accountability v DOJ, 16-cv-1068 (D.D.C.) |

Daniel,

The Campaign for Accountability opposes both requests, and we will likely file an opposition.

Thanks,
Alex

On Nov 13, 2017, at 7:42 PM, Schwei, Daniel S. (CIV) <Daniel.S.Schwei@usdoj.gov> wrote:

> Alex,
>
> Thanks for your message.  Obviously the parties disagree, as a legal matter, whether CFA is required to submit a new request in light of the amended complaint's different scope of relief.  As a practical matter, however, we continue to believe that CFA's submission of a new request is the best way to proceed in this case, in particular because it would avoid unnecessary motion-to-dismiss briefing and may result in the disclosure of documents to CFA.  At a minimum, we think the Government's response to the amended complaint should be extended a short period of time until after OLC responds to CFA regarding the records described in the amended complaint—*i.e.*, until after the agency is given an opportunity to respond to the "narrowed" request described in the amended complaint.
>
> Accordingly, we intend to file a motion with the Court requesting that (1) the case be stayed pending CFA's submission (and exhaustion) of a new request with OLC for the records as described in the amended complaint; or (2) in the alternative, that the Government's deadline for responding to the amended complaint be extended until January 3, 2018.
>
> Regarding that alternative request, that date was chosen as 30 business days from the current deadline of November 17, 2017.  Within 20 business days of November 17 (*i.e.*, by December 18), OLC would provide a response to CFA's purported "narrowing" of its request as described in the amended complaint.  The government would then respond to the amended complaint 10 business days later (on January 3).
>
> Pursuant to Local Civil Rule 7(m), can you please let me know CFA's position on each of the two requests above?  We'd like to file our motion no later than Wednesday afternoon, so I'd appreciate hearing from you by then.
>
> Thanks very much,
> Daniel

**From:** Alexander A Abdo [mailto:alex.abdo@knightcolumbia.org]
**Sent:** Friday, November 10, 2017 9:07 AM
**To:** Schwei, Daniel S. (CIV) <DSchwei@civ.usdoj.gov>
**Cc:** Jameel Jaffer <Jameel.Jaffer@knightcolumbia.org>
**Subject:** Re: Campaign for Accountability v DOJ, 16-cv-1068 (D.D.C.)

Daniel,

Thanks for your email; however, we cannot agree to your request.

The amended complaint does not seek a different set of records than Campaign for Accountability's request to the OLC. As I'm sure you are aware, the request specifically stated that it, "at a minimum, encompasses the formal written opinions OLC has issued and will issue." When CfA filed suit to enforce the request, its opposition to the government's motion to dismiss likewise focused on the OLC's formal written opinions.

CfA's amended complaint also concerns the OLC's formal written opinions, albeit a slightly narrower category of those opinions than identified in CfA's request and original complaint. As Judge Jackson invited in her opinion, the amended complaint also identifies several categories of the OLC's formal written opinions that, in CfA's view, fall within the affirmative-disclosure provisions of FOIA even under Judge Jackson's broad reading of the D.C. Circuit's decision in EFF v. DOJ.

As you can see, the amended complaint does not, as you characterize it, "seek a different universe of records."

Additionally, Judge Jackson has already rejected the government's argument that the Court lacks jurisdiction to consider CfA's challenge. In light of that holding and the fact that the amended complaint challenges the OLC's withholding of a subset of the formal written opinions sought in the request, we see no need to file a new request.

Finally, you suggest that OLC might disclose opinions in response to a new request, but that would not provide the redress we seek. You make clear that the OLC would disclose any opinions only as a matter of discretion, not pursuant to what we believe to be its legal obligation to do so. In other words, your email makes clear that OLC would not newly consider granting CfA the primary relief it seeks—namely the proactive disclosure of the OLC's formal written opinions pursuant to FOIA's affirmative-disclosure provisions.

Given this background, and especially given Judge Jackson's express invitation for CfA to do precisely what it has now done, we think any motion to dismiss for failure to exhaust administrative remedies would be meritless.

Sincerely,
Alex

On Nov 8, 2017, at 4:58 PM, Schwei, Daniel S. (CIV) <Daniel.S.Schwei@usdoj.gov> wrote:

> Alex, Jameel,
>
> I am writing regarding *Campaign for Accountability (CFA) v. Dep't of Justice*, No. 16-cv-1068 (D.D.C.). As discussed below, your Amended Complaint appears to seek a different set of records than the request CFA previously submitted to the Office of Legal Counsel (OLC). Accordingly, we believe CFA must submit a

2

new request for records to OLC (and exhaust that request) before the Court would have jurisdiction to adjudicate the claims in your Amended Complaint. Even if you do not agree with that legal principle, we think that submitting a request to OLC makes the most sense from a practical and timing perspective, and thus advances both parties' interests in the litigation.

CFA's prior request to OLC, dated March 22, 2016, requested that OLC "make available for public inspection and copying on an ongoing basis all unpublished OLC opinions that provide controlling legal advice to executive branch agencies[.]" ECF No. 9-3 at 1. The Court dismissed your Complaint founded on this request, concluding that it did not "identify ascertainable records or categories of records that are plausibly subject to the reading-room requirement and that the agency has failed to make publicly available." ECF No. 19 at 29.

Following the Court's grant of leave to amend, CFA's Amended Complaint now purports to seek a different universe of records. *See* Am. Compl. (ECF No. 22) ¶ 33 ("This lawsuit concerns only a single type [of OLC document]: formal written opinions issued to executive branch agencies or to executive branch officials other than the president."). In particular, the Amended Complaint identifies five specific "categories of these opinions [that Plaintiffs allege] fall within the scope of the affirmative-disclosure provisions of FOIA", *id.* ¶ 34: opinions resolving interagency disputes; opinions issued to independent agencies; opinions interpreting non-discretionary legal obligations; opinions finding that particular statutes are unconstitutional and that therefore agencies need not comply with them; and opinions adjudicating or determining private rights. *See id.* ¶¶ 35-49. Within those five categories, CFA identifies five particular opinions that it believes have not yet been made public. *See id.* ¶ 38 n.36, ¶ 40 n.38, ¶ 44 n.41, ¶ 46 n.43, ¶ 49 n.45

Because the Amended Complaint seeks a different set of records—or at least a more identifiable set of records—we believe CFA is, in effect, seeking to re-write its initial request to OLC. Critically, however, OLC has not yet had an opportunity to process CFA's request, as presently constituted in the Amended Complaint.

Even when a plaintiff seeks to enforce the affirmative-disclosure provisions of 5 U.S.C. § 552(a)(2), the plaintiff must submit—and administratively exhaust—a proper request for records. *See, e.g.*, *Prisology, Inc. v. Fed. Bureau of Prisons*, 852 F.3d 1114, 1117 (D.C. Cir. 2017); *Animal Legal Def. Fund v. Dep't of Agric.*, 2017 WL 2352009, at *6 (N.D. Cal. May 31, 2017). That obligation stems from the language of FOIA itself. *See* 5 U.S.C. § 552(a)(6)(A); *id.* § 552(a)(6)(C)(i).

Here, because CFA's Amended Complaint seeks different records, and because the Court held that CFA's initial request was not for "identifiable" records—or at least not "identifiable" records plausibly subject to § 552(a)(2)—we believe CFA is required to submit a new request to OLC along the lines of what is described in the Amended Complaint. Even if CFA does not agree with that legal position, for several reasons we think submitting a new request would serve both parties' interests in the litigation.

First, in a typical case presenting this defect, we would file a motion to dismiss arguing that the Court lacks jurisdiction in the absence of a proper request to the agency. Given the unique procedural posture of this case, however, it seems unnecessary—and a waste of the parties' and the Court's resources—to undertake motion-to-dismiss briefing on this threshold issue. Rather, we think the more efficient course would be for the parties to agree to a temporary stay of the case, pending CFA's submission (and administrative exhaustion) of a new request for records to OLC, which would eliminate the need for any motion-to-dismiss briefing on this threshold issue.

Second, we think this approach would also be more favorable in terms of timing. We think it is highly likely that a request to OLC would be processed and exhausted before a motion to dismiss would be fully briefed and decided. After CFA submits the new request, OLC would respond within the 20 business-day window provided by FOIA. *See* 5 U.S.C. § 552(a)(6)(A)(i). Any appeal would also be required to be decided within 20 business days. *Id.* § 552(a)(6)(A)(ii). Even if CFA does not believe it is required to submit a new request, therefore, we think doing so would move this case towards the merits faster than if the Government files a motion to dismiss arguing that a proper request has not yet been submitted.

Third, as a practical matter, OLC has not yet had an opportunity to process or respond to the request for records as described in the Amended Complaint. Accordingly, submission of a request to OLC may actually result in the release of records to CFA. In particular, at least with respect to the five specific opinions identified, OLC would be able to consider those documents for discretionary release.

For these reasons, we propose that the parties jointly move the Court for a temporary stay, pending submission (and administrative exhaustion) of a new request to OLC along the lines set forth in CFA's Amended Complaint. I am going to be out of the office on Thursday and Friday of this week, but please let me know if you would like to discuss. I look forward to hearing from you.

Best,
Daniel

**Daniel Schwei**
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW, Room 7340
Washington, DC 20530
Tel:  202-305-8693
Fax: 202-616-8470