UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CAMPAIGN FOR ACCOUNTABILITY, | ) |
| Plaintiff, | ) |
|  | ) No. 16-cv-01068 (KBJ) |
| v. | ) |
| U.S. DEPARTMENT OF JUSTICE, | ) |
| Defendant. | ) |

## ORDER GRANTING IN PART
## DEFENDANT'S MOTION TO STAY PROCEEDINGS

Plaintiff Campaign For Accountability ("CfA") filed this lawsuit against the United States Department of Justice under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, in June of 2016, claiming that the Office of Legal Counsel ("OLC") had failed to act affirmatively to make certain information available to the public as FOIA section 552(a)(2) requires. (*See* Compl. ¶¶ 29–41.) Before it filed the instant action, CfA sent a letter to OLC demanding that the agency make available "all unpublished OLC opinions that provide controlling legal advice to executive branch agencies and a general index of all such opinions" (Letter from Anne L. Weisman to Principal Deputy Assistant Attorney General Karl Remon Thompson (Mar. 22, 2016) ("Request Letter"), Ex. A to Pl.'s Am. Compl., ECF No. 22, at 2–3), and CfA's initial complaint sought to enforce this alleged obligation.[1] But on September 29, 2017, this Court agreed with OLC that "in order to state a claim that OLC has violated the reading

---

[1] Page-number citations to the documents that the parties have filed refer to the page numbers that the Court's electronic filing system automatically assigns.

1

room provision of the FOIA, CfA needed to identify an ascertainable set of records that plausibly fits within one of the statutory categories and that OLC has failed to make publicly available and index." *Campaign for Accountability v. DOJ*, No. 16-cv-1068, 2017 WL 4480828, at *16 (D.D.C. October 6, 2017). As a result, the Court dismissed CfA's complaint, but it also expressly authorized CfA "to file an amended complaint that alleges that discrete subsets of OLC opinions are subject to the reading room requirement[.]" *Id.*

The amended complaint, which CfA filed on October 27, 2017, clarifies Plaintiff's position that FOIA's affirmative reading room requirement mandates the automatic publication of five categories of OLC opinions: (1) opinions resolving interagency disputes; (2) opinions issued to independent agencies; (3) opinions interpreting non-discretionary legal obligations; (4) opinions finding that particular statutes are unconstitutional and that therefore agencies need not comply with them; and (5) opinions adjudicating or determining private rights. (*See* Am. Compl., ECF No. 22, ¶¶ 35–49.) Instead of answering or otherwise responding to this amended pleading, however, OLC has filed a motion seeking a stay of the instant proceedings in order to provide OLC with "an opportunity to . . . respond to CfA's new claim[.]" (Def.'s Mot. to Stay ("Mot."), ECF No. 23, at 1.) That motion has now been fully briefed (*see* Pl.'s Mem. in Opp'n to Def.'s Mot. to Stay ("Opp'n"), ECF No. 24; Def.'s Reply to Pl.'s Mem. in Opp'n, ECF No. 25), and is before this Court at present.

In its stay motion, OLC argues that "the case should be stayed for the short period of time necessary for CFA to submit (and exhaust) a new request to OLC for the set of records described in CFA's Amended Complaint[,]" and says that such a stay

"would avoid unnecessary motion-to-dismiss briefing, and would assist the Court's ultimate review of CFA's claim." (Mot. at 1.) CfA objects to OLC's stay request and the suggestion that the organization needs to file a new FOIA request on the grounds that the amended complaint reflects a mere narrowing of their previous request rather than a new one. (*See* Pl.'s Opp'n to Def.'s Mot. to Stay, ECF No. 24, at 2.) Thus, the parties have effectively commenced "a debate about whether CFA's initial request properly raised and adequately exhausted a claim for the records now described in CFA's Amended Complaint." (Def.'s Reply in Supp. of Def.'s Mot. to Stay ("Def.'s Reply"), ECF No. 25, at 1.) For the reasons that follow, OLC's motion to stay will be **GRANTED IN PART and DENIED IN PART**.

## DISCUSSION

The authority to stay a case stems from "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998). In deciding whether to exercise that power, courts must "weigh competing interests and maintain an even balance between the court's interest in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732–33 (D.C. Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The FOIA does not alter this analysis; indeed, "[t]he FOIA imposes no limits on courts' equitable powers in enforcing its terms." *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) (citing *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 19–20 (1974)).

When this Court dismissed CfA's initial complaint and authorized the organization to submit an amended pleading, it permitted CfA to pursue more precise— i.e., potentially legally enforceable—claims about OLC's allegedly outstanding obligations under the FOIA's reading room provision.  There is no dispute that the amended complaint that CfA has now filed references five categories of OLC opinions that were not previously delineated, and thus contains particular allegations of illegality that OLC did not previously consider.  (*See* Letter from John E. Bies, Deputy Assistant Attorney General, to Anne L. Weisman (May 26, 2016) ("Response Letter"), Ex. B to Pl.'s Am. Compl., ECF No. 22-3, at 2 (rejecting CfA's request for disclosure of *all* of OLC's unpublished opinions per section 552(a)(2) on the grounds that the agency's opinions "generally" do not fall within this statutory provision).)

OLC is correct to observe that considerations of judicial economy favor allowing the agency to consider these particular claims now.  CfA does not, and cannot, dispute that if OLC has the opportunity to review these particular contentions and to formulate its response, both the Court and the litigants will have "the benefit of the agency's experience and expertise" moving forward.  *Hidalgo v. FBI*, 344 F.3d 1256, 1259 (D.C. Cir. 2003).  Moreover, such a course of action might also result in considerable savings of time and resources, because it is possible that OLC's response might obviate the need for additional motion-to-dismiss briefing (*see* Mot. at 1), and it might even result in the disclosure of documents that the agency has previously failed to publish (*see id.* at 9), thereby narrowing the issues in this action.  What is more, the record does not indicate that CfA would be harmed in any way by the brief respite that OLC proposes.

It appears that the real nub of the parties' dispute is over whether CfA must *exhaust* the refined claims that it makes in the amended complaint by bringing a new FOIA request at the agency level before the instant amended action can proceed. (*See* Meet and Confer Correspondence, Ex. 1 to Def.'s Mot. to Stay, ECF No. 23-1, at 1 (noting that "[o]bviously the parties disagree, as a legal matter, [about] whether CFA is required to submit a new request in light of the amended complaint's different scope of relief").) OLC confidently contends that CfA must "submit (and exhaust) a new request to OLC for the set of records described in CFA's Amended Complaint" (*see* Mot. at 1), but this Court has serious doubts about this proposition.

For one thing, it is clear to this Court that the five delineated categories of records are mere subsets of the broader category of records that CfA referenced in its demand letter; therefore, CfA's amended complaint does not allege "new" claims in the relevant sense. Furthermore, OLC's exhaustion contentions appear to rely primarily on principles that courts have applied in the context of legal actions *brought under section 552(a)(3)* of the FOIA—which, unlike section 552(a)(2), mandates agency action only when the plaintiff has submitted a "request for records" that "reasonably describes such records," *see* 5 U.S.C. § 552(a)(3)—and OLC does not acknowledge or address the substantial and significant differences between (a)(3) and (a)(2) claims. To be sure, a FOIA plaintiff does have to make an initial demand of the agency before pursuing either type of lawsuit, *see Prisology, Inc. v. Fed. Bureau of Prisons*, 852 F.3d 1114, 1117 (D.C. Cir. 2017), but it is not at all clear that an (a)(2) plaintiff's demand letter to the agency contending that the agency is failing to comply with existing and outstanding mandatory disclosure obligations needs to contain the degree of specificity

about the allegedly illegally unpublished records that is required in the (a)(3) context, *see Nat'l Sec. Counselors v. CIA*, 898 F. Supp. 2d 233, 274 (D.D.C. 2012); *Davis v. FBI*, 767 F. Supp.2d 201, 204 (D.D.C. 2011).

In other words, OLC does little to persuade the Court that CfA's general demand that the agency affirmatively publish the records that section 552(a)(2) mandates is legally insufficient to support the claims that CfA makes in the amended complaint. Thus, even though the Court determined that CfA's initial complaint failed to state an enforceable claim for the purpose of *maintaining* the instant action—i.e., the complaint did not allege an ascertainable category of records that the FOIA plausibly required the agency to disclose affirmatively—it may well be that a plaintiff can say far less to the allegedly offending agency before *bringing* a legal claim under 5 U.S.C. § 552(a)(2), and OLC certainly has not demonstrated that, in order to sustain the pending (a)(2) lawsuit, CfA must first submit a letter to OLC that specifically delineates the five categories of records that CfA now says section 552(a)(2) requires OLC to publish on its own.

This all means that this Court is not prepared to hold that CfA must submit a new FOIA request to the agency, and pursue that new request through the administrative appeal stage, in order to be deemed to have exhausted the claims in the amended complaint, as OLC suggests. Nor does this Court understand why the submission of another FOIA request letter is *necessary* here as a practical matter: OLC is now well aware of the 5 categories of legal opinions that CfA claims the agency should have been publishing affirmatively under 5 U.S.C. § 552(a)(2), and as far as this Court can tell, there is nothing to be gained either legally or practically from forcing CfA "simply to

submit a new request for the records now described in its Amended Complaint."
(Def.'s Reply at 1.) To the contrary, requiring CfA to undergo the full administrative process from step zero seems like an obvious *loss*, not only because such a mandate might cause unnecessary delay as OLC methodically marches through its entire administrative process regarding an overarching claim of illegal withholding that CfA has long maintained, but also because ordering CfA to submit a new FOIA request under the circumstances presented here might be construed as an improper dismissal of CfA's amended claims under the guise of a motion to stay. *Cf. Limnia, Inc. v. U.S. Dep't of Energy*, 857 F.3d 379, 387–88 (D.C. Cir. 2017).

Thus, this Court finds it far preferable to address the instant request by exercising its prudential authority to stay this matter briefly so that OLC can evaluate its position regarding the refined legal claims that CfA is making about the agency's failure to publish certain opinions. OLC's input is desirable because it will facilitate expeditious resolution of the claims contained in the amended complaint. Furthermore, as often happens in FOIA cases, the claims in the amended complaint are likely to facilitate a dialogue between the parties regarding what materials the agency is willing to disclose, on the one hand, and what materials the parties will continue to dispute in the context of this lawsuit, on the other, and the clarity regarding OLC's position on these matters will ultimately be appreciated by all concerned.

In this regard, then, this Court envisions a post-stay process that is akin to the agency's consideration of a case upon voluntary remand, which, as the D.C. Circuit recently clarified, does not require a reanimating action on the plaintiff's part. *Cf. id.* at 387. CfA has now narrowed its allegations regarding OLC's allegedly violative

7

disclosure practices, and OLC has requested an opportunity to (a) review CfA's contention that the FOIA requires affirmative disclosure of the five types of OLC opinions that CfA describes in its amended complaint, and (b) potentially revise its position regarding the agency's statutory disclosure obligations. In the exercise of its discretion, this Court will grant OLC this opportunity.

ORDER

For the reasons explained above, this Court will stay the instant case to give OLC a chance to evaluate the agency's position regarding the refined claims that CfA makes in the amended complaint, but CfA will not be required to submit to OLC a new FOIA request. Instead, OLC shall construe the amended complaint as a clarification of the demands that CfA articulated in its March 22, 2016 letter to OLC. OLC must respond to that clarification within the timeframe that the agency's motion suggests (*see* Mot. at 8 ("OLC would respond within the 20 business-day window provided by the FOIA")), and per this prudential process, which should not be mistaken for an exhaustion mandate, there is no administrative appeal. After OLC responds, the parties will return to Court by submitting a joint status report that appends the agency's response letter and proposes a schedule for further proceedings in this matter, including proposed due dates for the submission of OLC's answer or other responsive pleading, the agency's additional disclosures (if any), and further dispositive-motion briefing.

Accordingly, it is hereby

**ORDERED** that Defendant's motion to stay the instant proceedings temporarily is **GRANTED IN PART and DENIED IN PART**. The motion is denied insofar as Plaintiff is not required to submit another FOIA request to the agency; instead, the

agency shall construe paragraphs 33–49 and 54–64 of the Amended Complaint in this matter as a clarification of CfA's March 22, 2016 request for publication of documents under 5 U.S.C. § 552(a)(2), and shall send Plaintiff a response to that clarification on or before Tuesday, January 2, 2018.[2]  It is **FURTHER ORDERED** that the parties shall file a joint proposed schedule for further proceedings in this matter—with attachments that include OLC's response letter to Plaintiff—on or before Tuesday, January 23, 2018.

Date:  December 1, 2017        *Ketanji Brown Jackson*
                               KETANJI BROWN JACKSON
                               United States District Judge

---

[2] OLC's initial response to CfA's demand letter of March 22, 2016 did not contain any language referencing a right of appeal.  (*See* Response Letter.)  The instant court-ordered stay process, which does not involve the submission of a new FOIA request and does not give rise to any right of appeal, has no bearing on the legal ramifications of that omission.  *See Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 67 (D.C. Cir. 1990) ("Because, then, State did not provide notice of appellant's right to appeal, its response was insufficient under the FOIA to trigger the exhaustion requirement.").