IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CAMPAIGN FOR ACCOUNTABILITY,   ) <br> ) <br> Plaintiff,   ) <br> ) <br> v.   ) <br> ) <br> U.S. DEPARTMENT OF JUSTICE,   ) <br> ) <br> Defendant.   ) <br> ) | Civil Action No. 1:16-cv-1068 (KBJ) |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant hereby respectfully submits this Notice of Supplemental Authority regarding the D.C. Circuit's recent decision in *Citizens for Responsibility & Ethics in Washington (CREW) v. Dep't of Justice*, No. 18-5116, --- F.3d ----, 2019 WL 1907230 (D.C. Cir. Apr. 30, 2019). In that case, CREW sought to compel the Office of Legal Counsel (OLC) to disclose all of its formal written opinions pursuant to 5 U.S.C. § 552(a)(2). *See id.* at *2. The district court dismissed this "universal claim," *id.* at *3, and on appeal the D.C. Circuit affirmed, holding that "CREW's claim that *all* of the OLC's formal written opinions are subject to disclosure under FOIA's reading-room provision fails as a matter of law." *Id.* at *4.

This decision is relevant to Defendant's pending motion to dismiss in the present case for several reasons. First, the D.C. Circuit again confirmed that "OLC's formal written opinions are not the 'working law' of an agency simply because they are nominally 'controlling.'" *Id.* at *5 (discussing *Electronic Frontier Foundation (EFF) v. Dep't of Justice*, 739 F.3d 1 (D.C. Cir. 2014)). This holding forecloses Campaign for Accountability's (CfA's) argument that "the OLC's formal written opinions clearly constitute the OLC's and the executive branch's working law" because such opinions "are binding upon the executive branch and on the OLC itself." Pl.'s Opp'n (ECF

No. 30) at 13; *see also CREW*, 2019 WL 1907230 at *5 ("CREW has alleged only that the OLC's formal written opinions are 'controlling,' 'authoritative' and 'binding,' which under *EFF* is insufficient to support a plausible claim that the opinions are the 'working law' of an agency subject to disclosure under § 552(a)(2).").

Second, the *CREW* decision also forecloses CfA's argument that the OLC opinion at issue in *EFF* was factually distinct from other types of formal OLC opinions. *See* Pl.'s Opp'n at 17-23; Renewed MTD Hr'g Tr. at 10-11, 20-21, 48-49, 57-58, 61. Specifically, the D.C. Circuit made clear that the OLC opinion at issue in *EFF* was a formal written opinion, was prospective in nature, and conveyed legal advice (rather than policy advice). *See CREW*, 2019 WL 1907230 at *4 n.1; *see also id.* at *6 n.6 (stating that it is "a fair reading of *EFF*" to interpret the decision as "suggest[ing] that many of OLC's formal written opinions are privileged").

Third and finally, the D.C. Circuit confirmed that in order for an OLC opinion to become subject to disclosure under FOIA's reading-room provision, the OLC opinion must have "been adopted by the agenc[y] to which [it was] addressed[.]" *Id.* at *3; *see also id.* at *4 ("CREW does not allege that all of the OLC's formal written opinions have been adopted by any agency as its own," and therefore "CREW's complaint fails to allege the additional facts necessary to render an OLC opinion the 'working law' of an agency[.]"). Here, for the reasons previously discussed, even the sub-categories of OLC opinions identified by CfA do not meet the standard for necessarily having been "adopted" by any agency—*i.e.*, the agency having expressly adopted both OLC's conclusion and reasoning as the agency's own. *See* Def.'s MTD Mem. (ECF No. 29-1) at 19 & n.2; Def.'s Reply Mem. (ECF No. 31) at 19, 20-21; *see also* Renewed MTD Hr'g Tr. at 22-28, 32-33, 36-40, 51-54, 78-79.

To be sure, the D.C. Circuit in *CREW* expressed skepticism regarding "the Department of Justice's position that *none* of the OLC's formal written opinions constitutes the 'working law' of an agency subject to disclosure under FOIA's reading-room provision," because "[p]resumably, at some point in the OLC's history, an agency may have adopted at least one of the OLC's formal written opinions as its own."  *CREW*, 2019 WL 1907230 at *4 n.2.  Importantly, however, the Department of Justice does not dispute that when a policy-making agency formally adopts an OLC opinion as the agency's own, then *that policy-making agency* has an obligation to disclose the OLC opinion pursuant to the agency's own reading-room obligations.  But that does not help CfA's claims here, which seek to compel OLC itself to disclose its opinions at the moment of issuance (*i.e.*, regardless of any subsequent adoption by a policy-making agency).  *See* Renewed MTD Hr'g Tr. at 49.

Although the D.C. Circuit made clear that its decision in *CREW* did not "address the merits of CfA's amended complaint," *CREW*, 2019 WL 1907230 at *6 n.5, Defendant respectfully submits that the reasoning of *CREW* further supports dismissal of CfA's claims here.  Accordingly, for these reasons and those previously set forth in the Government's briefing and at the hearing on the renewed motion to dismiss, CfA's Amended Complaint should be dismissed with prejudice.

Dated: May 7, 2019

Respectfully Submitted,

JOSEPH H. HUNT
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/   Daniel Schwei*
DANIEL SCHWEI
Senior Trial Counsel (N.Y. Bar)
United States Department of Justice
Civil Division, Federal Programs Branch


1100 L Street NW, Room 12024  
Washington, DC 20530  
Tel.:     (202) 305-8693  
Fax:     (202) 616-8460  
Email:   daniel.s.schwei@usdoj.gov

<u>Mailing Address:</u>  
Post Office Box 883  
Washington, D.C. 20044

<u>Courier Address:</u>  
1100 L Street NW, Room 12024  
Washington, D.C. 20005

*Counsel for Defendant*