IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAMPAIGN FOR ACCOUNTABILITY, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br><br> Defendant. | No. 1:16-cv-1068 (KBJ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Campaign for Accountability ("CfA") respectfully submits this response to the government's May 7, 2019 notice of supplemental authority, *see* Gov't Notice, ECF No. 35, which brings to the Court's attention the D.C. Circuit's recent decision in *Citizens for Responsibility & Ethics in Washington v. U.S. Department of Justice* (*CREW II*), No. 18-5116, 2019 WL 1907230 (D.C. Cir. 2019). In *CREW II*, the D.C. Circuit held that CREW failed to state a claim under the reading-room provision of the Freedom of Information Act ("FOIA") because it alleged "only that the OLC's formal written opinions are controlling, authoritative, and binding." *CREW II*, 2019 WL 1907230, at *4 (internal quotation marks omitted).

As an initial matter, the D.C. Circuit's opinion is consistent with CfA's argument that it has plausibly pleaded that at least four subcategories of the OLC's formal written opinions constitute working law.[1] In fact, in rejecting CREW's arguments, the *CREW II* majority suggested that CREW could have more easily met its pleading burden if it had "not declined to

---

[1] Those four subcategories are: opinions resolving interagency disputes, opinions interpreting non-discretionary legal obligations, opinions adjudicating private rights, and opinions finding particular statutes unconstitutional. *See* Pl.'s MTD Opp., ECF No. 30.

avail itself of other measures at its disposal, not the least of which was . . . to amend its complaint as *amicus* CfA has done." *Id.* at *6. The majority noted parenthetically that CfA's "amended complaint identifies several subcategories of OLC's formal written opinions CfA believes are subject to FOIA's reading-room provision." *Id.* As such, the D.C. Circuit's opinion accords with CfA's argument that at least several subcategories of the OLC's opinions constitute working law.

Still, the government argues that *CREW II* shows that CfA's amended complaint should be dismissed on a different ground. The government contends that *CREW II* "confirmed" that the OLC's formal written opinions are subject to the reading-room provision only if they have been "expressly" adopted by an agency, *see* Gov't Notice, at 2–3, but this argument is wrong for at least two reasons.

First, the government conflates the D.C. Circuit's use of the term "adopted," *see CREW II*, 2019 WL 1907230, at *3, with the judicially created doctrine of "express adoption," *see N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 161 (1975). The D.C. Circuit's use of "adopted" refers to whether a record has become an agency's "working law," *see CREW II*, 2019 WL 1907230, at *3 ("An OLC opinion in the latter category qualifies as the 'working law' of an agency only if the agency has 'adopted' the opinion as its own."), which is a distinct inquiry from whether an agency has "expressly adopted" a record that would otherwise be exempt from disclosure. To be sure, a record that has been "expressly adopted" must, as with a record that has become "working law," be disclosed under FOIA. But as the Second Circuit has explained, "[t]he question of whether a document constitutes 'working law,' or has been expressly adopted or incorporated by reference, . . . are *two paths* to determining whether a withheld document constitutes what FOIA affirmatively requires to be disclosed." *Brennan Ctr. for Justice at New*

*York Univ. Sch. of Law v. U.S. Dep't of Justice*, 697 F.3d 184, 201 (2d Cir. 2012) (emphasis added). The D.C. Circuit did not purport to collapse these two paths.

Second, the government ignores the limited reach of the D.C. Circuit's opinion. Although the *CREW II* majority mentioned both subsections (A) and (B) of FOIA's reading-room provision, the court did not address subsection (A). *See CREW II*, 2019 WL 1907230, at *3 (quoting the two subsections, then explaining the circumstances in which "[a]n OLC opinion in the *latter category* qualifies as … 'working law'" (emphasis added)). Subsection (A), however, independently requires the proactive disclosure of "final opinions . . . made in the adjudication of cases." 5 U.S.C. § 552(a)(2)(A). Under this subsection, CfA is not required to plead that the OLC's opinions have been adopted, but only that they are "final opinions," which CfA has done. *See* Pl.'s Amend. Compl., ECF No. 22; Pl.'s MTD Opp., at 23–25. *CREW II* does not alter that statutory basis for proactive disclosure.

The government also argues that only agencies *receiving* OLC opinions could be required to disclose them proactively under FOIA's reading-room provision, *see* Gov't Notice, at 3, but this, too, is wrong. In *CREW II* itself, the D.C. Circuit did not question the premise that the OLC could be obligated to disclose a subset of its opinions, if plausibly alleged to constitute "working law." *See generally CREW II*, 2019 WL 1907230. Had it not accepted that premise, its analysis would have been much different and much shorter. Moreover, CfA plausibly pleads that at least four subcategories of the OLC's formal written opinions are "working law" upon their issuance, given the circumstances surrounding their solicitation and issuance. As CfA has explained, these subcategories of opinions have immediate effect and so are subject to FOIA's reading-room

3

provision at the moment they are completed. These opinions are, in effect, adopted both by the agencies requesting them and by the OLC, upon completion.[2]

For these reasons, *CREW II* supports CfA's claim that at least four categories of the OLC's formal written opinions must be proactively disclosed under FOIA.

Respectfully submitted,

/s/ Alex Abdo
Alex Abdo
Daniela Nogueira
Jameel Jaffer
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
alex.abdo@knightcolumbia.org

*Counsel for Plaintiff*

May 10, 2019

---

[2] The government's argument is especially weak when considering the OLC's obligation to disclose its "final opinions." *See* 5 U.S.C. § 552(a)(2)(A). The four subcategories of opinions that CfA alleges to be "final opinions" are the "final opinions" of the OLC made in adjudications carried out by the OLC, and so there is no question that the statutory obligation to disclose those opinions would fall upon the OLC.