# EXHIBIT 1

Opinions of Attorneys General and Decisions of Auditors.

OPINIONS OF ATTORNEYS GENERAL AND DECISIONS OF AUDITORS.

Although the acts prescribing the duties of Attorneys General do not declare the effect of their advice, it has been the practice of the departments to heed it. It has been found greatly advantageous, if not absolutely necessary, to have uniformity of action upon analogous questions and cases; and that result is more likely to be attained under the guidance of a single department constituted for the purpose, than by a disregard of its opinions and advice.

Acts of Congress granting relief in special cases, and referring claims to the Second Auditor, confer upon him a jurisdiction exclusive of any other department; and where one Auditor settles such accounts, his successors are bound by his decisions.

ATTORNEY GENERAL'S OFFICE,
*May* 8, 1849.

SIR: In the matter of the claim of the representatives of George Fisher, made under the act for their relief of the 12th of April, 1848, the two questions you have submitted to this office I have duly considered. They are these: First, is the opinion of a former Attorney General upon the decision of the late Second Auditor obligatory upon the present incumbent? and secondly, ought interest to have been allowed under the act of Congress referred to?

First, the duties of the Attorney General are prescribed by the judiciary act of 1789, and are, "to give his advice and opinion upon questions of law when required by the President of the United States, or when requested by the heads of any of the departments, touching any matters that may concern their departments." The act does not declare what effect shall be given to such advice and opinion, but it is believed that the practice of the government has invariably been to follow it. This has been done from the great advantage and almost absolute necessity of having uniform rules of decision in all questions of law in analogous cases—a result much more certain under the guidance and decision of a single department, constituted for the very purpose of advising upon all questions, and with supposed special qualificacations for such a duty. In my opinion this practice should be considered as law.

By reference to the act giving relief in this case, it will be

seen that the whole subject of the claim is submitted to the exclusive judgment of the Second Auditor. No other department has any jurisdiction over it. His judgment was made absolute. By the last report of that officer he did allow interest, and the interest, with the principal then allowed, has been paid the claimants. This, in my judgment, decides the question as to the title to interest under the act. The Auditor thought—whether correctly or not, is (and I express no opinion upon it) not submitted to me—that such was the meaning of the law. His successor, under another rule perfectly well settled, has no right to disregard the decision. He is bound to esteem it a correct one. (*The United States* vs. *Bank of the Metropolis*, 15 *Pet.*, 377.)

I have the honor to be, very respectfully, sir, your obedient servant,

REVERDY JOHNSON.

Hon. WM. M. MEREDITH,
  *Secretary of the Treasury.*

---

PAYMENT OF AN APPROPRIATION FOR THE CREEKS.

The moneys appropriated in execution of the treaty of 24th January, 1826, with the Creeks, may be paid to the chiefs and headmen of that nation, upon their executing a release in full for all claims for principal and interest on account of the emigration of thirteen hundred Indians, &c.

Had Congress intended to exact a release from the individual Indians, they would have doubtless expressed that intention in the law.

The treaty will be executed by a payment to the chiefs.

ATTORNEY GENERAL'S OFFICE,
*May* 10, 1849.

SIR: In compliance with your request, I have considered the question you have submitted to this office, as to the true construction of the fourth section of the civil and diplomatic bill of the 12th of August, 1848. But for the opinion of the late Attorney General, I should have had little, if any, difficulty in giving you an answer. Unaffected respect for that officer, which the files of this office cause me to entertain, renders me somewhat doubtful of the correctness of my own judgment. I have no right, however, as you have submitted the