# EXHIBIT 3

DISTRICT ATTORNEY—EXTRA COMPENSATION.

The opinions of Attorneys-General Garland and Miller (18 Opin., 192; 19 Opin., 354) followed as to construction of Revised Statutes 827, relating to extra compensation of the district attorney for the southern district of New York.

DEPARTMENT OF JUSTICE,
*September* 7, 1893.

SIR: In your communication of September 2, you ask my official opinion as to whether the district attorney for the southern district of New York is entitled to compensation, under section 827 of the Revised Statutes, for appearing in customs cases in his district, in addition to the salary of $6,000 which is provided "for all his services" in section 770.

Departmental service has always allowed additional compensation in the cases referred to, notwithstanding the restrictive words of section 770. This practice was not adopted inadvertently, but received careful consideration from the Solicitors of the Treasury and Commissioners of Customs. The question was also submitted to my immediate predecessors, Attorneys-General Garland and Miller, each of whom, in an official opinion, held that the practice was correct. (18 Opin., 192; 19 Opin., 354.) I see nothing which would warrant me to reverse their decisions. Your question is therefore answered in the affirmative.

Very respectfully,

RICHARD OLNEY.

The SECRETARY OF THE TREASURY.

---

COMPTROLLER—SOLICITOR OF THE TREASURY—ATTORNEY-GENERAL.

The Comptroller and Commissioner of Customs have no legal status as advisers of the Secretary of the Treasury upon legal questions. Their opinions are purely extra official and rendered by courtesy only.

The opinion of the Solicitor of the Treasury may be asked upon any question of pure law or of mixed law and fact arising in the Treasury Department, except questions involving the construction of the Constitution of the United States. His opinions have, however, no binding force.

Comptroller—Solicitor of the Treasury—Attorney-General.

Questions of pure law actually arising in the administration of the Treasury Department, and requiring the personal consideration of the Secretary, may be referred to the Solicitor of the Treasury or to the Attorney-General. If referred to the latter, however, his answer should be regarded by the Department as law until withdrawn by him or overruled by the courts.

DEPARTMENT OF JUSTICE,
*September* 8, 1893.

SIR: I am in receipt of your communication of August 30, inclosing reports from the First and Second Comptrollers, the Commissioner of Customs and the Solicitor of the Treasury, in relation to the extent of their respective jurisdictions and the extent to which they are customarily called upon to give legal opinions. You ask me to advise you what I consider to be the limits of the jurisdiction of each of the said officers in this matter.

I do not think that the First or Second Comptroller or the Commissioner of Customs has any legal status as an adviser upon legal questions. These gentlemen are accounting officers holding great power, but their function is to take action, not to advise others how to act. Each is the trial judge within his own sphere, and, as provided by section 191 of the Revised Statutes, the balances certified by him upon the settlement of public accounts "shall not be subject to be changed or modified by the heads of Departments, but shall be conclusive upon the Executive branch of the Government, and be subject to revision only by Congress or the proper courts." It is, however, customary to ask their opinions on questions of law, and this custom is a convenient and proper and even necessary one within certain limits. The custom doubtless arose from the importance of knowing beforehand when expenses were to be incurred what the decision of the Comptroller would be afterwards when the question of legality should come up upon the settlement of accounts. In form the Comptroller is asked for legal advice; in fact, what is desired is information as to his future action. He is in no way bound in settling accounts to follow his own unofficial opinion previously formed. He does, however, do so on the principle of *stare decisis*. I should infer from the reports of the Comptrollers that their advice is often asked on other points of law which are not anticipatory of future decisions by themselves. Answering such questions is a

merely voluntary matter, and the answers are, of course, purely extra-official. The advice thus given is doubtless intrinsically most valuable, but otherwise it differs in no way from advice on the same subject by any outsider.

The Solicitor of the Treasury is, however, an adviser recognized by the law. Section 349 of the Revised Statutes provides that "there shall be in the Department of Justice a Solicitor of the Treasury." Section 350 provides that "the officers named in the preceding section shall exercise their functions under the supervision and control of the head of the Department of Justice." Section 360 provides that "the Attorney-General may require any solicitor or officer of the Department of Justice to perform any duty required of the Department or any officer thereof." Section 361 provides that "the officers of the Department of Justice, under the direction of the Attorney-General, shall give all opinions and render all services requiring the skill of persons learned in the law necessary to enable the President and heads of Departments and the heads of bureaus and other officers in the Departments to discharge their respective duties."

The Solicitor of the Treasury had been, prior to the act of June 22, 1870, establishing the Department of Justice, an officer of the Treasury Department. It had, as I am informed, been the custom, long prior to that time, for him to give legal advice to the Treasury Department. That statute provided that he, with the Solicitor of Internal Revenue and other officers, "shall be transferred from the Departments with which they are now associated to the Department of Justice." I have not found any general instructions in writing from the Attorney-General to the Solicitor of the Treasury in relation to the performance of his duties subsequent to the taking effect of the act of 1870. This is, perhaps, due to the fact that at that time the two officers occupied adjoining rooms in the Treasury Department, so that communication between them was oral. The Solicitor of the Treasury, however, has ever since continued to advise the Secretary of the Treasury and heads of bureaus subordinate to him; and such advice has been regarded as rendered by him in the character of assistant to the Attorney-General and in accordance with the

provision of section 361 above quoted. His advice may be asked upon any question of pure law or of mixed law and fact arising in the Treasury Department, with the single exception of questions involving the construction of the Constitution of the United States, which should be submitted to the Attorney-General for his personal opinion. (Rev. Stat., 358.) The Solicitor's opinions, however, have in no way binding force, nor are they distinguishable from those rendered by the Comptrollers, except by the fact that the advice of the Comptrollers is purely voluntary, while it is the Solicitor's duty to render legal assistance. This is one of the duties for which he receives compensation, while to compensate the Comptrollers for such work would be a violation of law. (Rev. Stat., 189.)

The Solicitor of the Treasury is the only person from whom legal advice can be required by the Treasury Department, except upon questions of pure law actually arising in the administration of the Department and requiring the personal consideration of the head of the Department, as distinguished from mere questions of administration arising in its subordinate bureaus. The advisory relation of the Solicitor to the Secretary of the Treasury is precisely that of the Assistant Attorney-General, appointed in pursuance of the act of February 25, 1871, to the Secretary of the Interior. This Assistant Attorney-General is not expressly endowed by statute with any advisory relation to the Interior Department, but he performs there, by assignment of the Attorney-General, under section 361, the same general duties which the Solicitor of the Treasury performs in the Treasury Department by like assignment. As illustrative, therefore, of the functions of the Solicitor of the Treasury in your Department, I may quote from an opinion rendered to the Secretary of the Interior on June 7, 1893, by Solicitor-General Maxwell and approved by myself. In that case the question was whether the Commissioner of Patents could legally appoint a referee to take testimony in a disbarment proceeding before him. He was advised that this question was not a question of law arising in the administration of the Department such as could properly be submitted to the Attorney-General for an official opinion. The following language was used:

"It has been held frequently that the statutes prescribing the duties of the Attorney-General (Rev. Stat., 354, 356) do not authorize or require him to give an official opinion except to the President or to the head of an Executive Department; and it would seem to follow that the opinion should be needed for the guidance of the head of a Department, and should relate to some matter calling for action or decision on his part. * * * For the guidance of the heads of bureaus and other officers of the Departments in the discharge of their duties, provision is made by section 361 of the Revised Statutes for assistance from the officers of the Department of Justice, under the direction of the Attorney-General; and an Assistant Attorney-General and law clerks have accordingly been assigned to the Department of the Interior, to whom, it seems to me, the Commissioner of Patents should submit his question. * * * It is not meant by this opinion to deny the authority or duty of the Attorney-General to answer questions of law submitted to him by the head of a Department, although at the instance of the head of a bureau, where the question relates to matters within the direct or supervisory control of the head, and is deemed by the head to be of such difficulty or importance as to require the personal attention of the Attorney-General."

There is thus, in the matter of rendering opinions, an exclusive jurisdiction of the Attorney-General, an exclusive jurisdiction of the Solicitor of the Treasury, and a concurrent jurisdiction in both. Whether questions arising in the concurrent jurisdiction (that is, questions of pure law actually arising in the administration of the Department and relating to matters within the direct or supervisory control of its head) shall be referred to the Attorney-General, to the Solicitor of the Treasury, or to both, is entirely within the discretion of the Secretary of the Treasury. I do not feel that I can intelligently advise as to the exercise of this discretion, nor would it, indeed, be proper for me to do so (17 Opin., 332). Any suggestions made by me must be considered extra-official and as coming from one whose lack of practical knowledge of the administration of the Department makes his opinion on this point far inferior in value to your own. I would, however, call attention to one point in

which the opinions of the Attorney-General differ from those of the Solicitor of the Treasury.

The act of 1870, section 4, establishing the Department of Justice, provided that written opinions prepared by a subordinate in the Department may be approved by the Attorney-General, and that "such approval so indorsed thereon shall give the opinion the same force and effect as belong to the opinions of the Attorney-General." This provision is embraced in substantially the same language in section 358 of the Revised Statutes. Evidently, therefore, Congress contemplates that the official opinions signed or indorsed in writing by the Attorney-General shall have some actual and practical force. Congress's intention can not be doubted that administrative officers should regard them as law until withdrawn by the Attorney-General or overruled by the courts, thus confirming the view which generally prevailed, though sometimes hesitatingly expressed, previous to the establishment of the Department of Justice. (5 Opin., 97; 6 Opin., 334; 7 Opin., 699,700; 9 Opin., 36, 37.)

Instances have recently come to my notice where official opinions of former Attorneys-General have been practically overruled by the Solicitor of the Treasury or administrative boards. These cases were probably due to inadvertence, yet I would suggest that questions of great importance and involving the future course of practice should be referred to the Attorney-General, and that the fact of such reference and the opinion when received should be brought to the notice of the gentlemen whose advice is customarily asked in your Department, that uniformity of rulings may be secured.

Very respectfully,

RICHARD OLNEY

The SECRETARY OF THE TREASURY.