# EXHIBIT 4



**U.S. Department of Justice**

Office of Legislative Affairs

---

Office of the Assistant Attorney General          *Washington, D.C. 20530*

April 1, 2016

The Honorable Jason Chaffetz
Chairman
Committee on Oversight and Government Reform
U.S. House of Representatives
Washington, DC   20515

The Honorable Elijah E. Cummings
Ranking Member
Committee on Oversight and Government Reform
U.S. House of Representatives
Washington, DC   20515

Dear Chairman Chaffetz and Ranking Member Cummings:

This responds to your letter to the Attorney General, dated March 14, 2016, which requested documents regarding the Office of Legal Counsel (OLC), its processes and the work it performs.   We have endeavored to provide answers to your inquiries directly in this letter, including our best estimates for the numbers requested, and explanations for the information provided, wherever possible.

1. **Documents sufficient to show how many full-time employees work in OLC, and of those, how many are attorneys.**

   OLC generally employs between eighteen and twenty-five attorneys and between three and six full-time paralegals and support staff.   As of March 31, 2016, excluding two employees currently on detail elsewhere in the executive branch, OLC has 28 total full-time employees.   Of these, 22 are attorneys.

2. **Documents sufficient to show how many requests for formal opinions OLC has received each year from 2005 to 2015.**

   OLC has no comprehensive system in place for tracking each incoming request for a formal opinion.   Such requests can come in many forms, including by telephone or in person.   Moreover, it is not unusual for such requests to be withdrawn or made moot by subsequent events, resulting in no formal opinion being prepared or issued.   Consequently, we are not in a position to provide a reliable estimate of the number of requests received in any given calendar year.

The Honorable Jason Chaffetz
The Honorable Elijah E. Cummings
Page 2

> **3. Documents sufficient to show how many formal opinions OLC has issued each year from 2005 to 2015, including the number which were classified and the number which were unclassified.**
>
> OLC's practices have varied over the years and the term "formal opinions" has been used to refer to different categories of documents by different people.   In the interest of clarity, for this question and others, this response uses the term "formal opinion" to describe a letter or memorandum containing substantive final legal advice of OLC, transmitted to a client agency, and signed by an OLC Assistant Attorney General or Deputy Assistant Attorney General, generally drafted pursuant to the process described in the "Best Practices Memorandum" cited in your letter.[1]   We also want to note that due to the nature of compartmented information, OLC does not maintain a complete list of classified formal opinions.   As a result, the numbers in the following chart represent OLC's best efforts to estimate the number of classified opinions issued for each year, but it is possible that this count may inadvertently omit one or more compartmented opinions issued during these time periods:

| Calendar Year | Estimate of Unclassified Opinions Issued | Estimate of Classified Opinions Issued |
|---|---|---|
| 2005 | 29 | 8 |
| 2006 | 16 | 4 |
| 2007 | 28 | 10 |
| 2008 | 28 | 4 |
| 2009 | 31 | 9 |
| 2010 | 18 | 8 |
| 2011 | 12 | 2 |
| 2012 | 16 | 2 |
| 2013 | 12 | 1 |
| 2014 | 5 | 0 |
| 2015 | 4 | 1 |

---

[1] *See* Memorandum for Attorneys of the Office, from David J. Barron, Acting Assistant Attorney General, Office of Legal Counsel, *Re: Best Practices for OLC Legal Advice and Written Opinions* (July 16, 2010) ("Best Practices Memorandum"), *available at* https://www.justice.gov/sites/default/files/olc/legacy/2010/08/26/olc-legal-advice-opinions.pdf.

The Honorable Jason Chaffetz
The Honorable Elijah E. Cummings
Page 3

4. **Documents sufficient to show how many regulations requiring the Attorney General's approval OLC reviewed each year from 2005 to 2015, and of those, how many each year resulted in the issuance of a formal opinion.**

In 28 C.F.R. § 0.25(d), the Attorney General has assigned to OLC responsibility for reviewing all orders of the Attorney General for form and legality.   Department of Justice regulations published in the Federal Register are issued by order of the Attorney General and, consequently, undergo form and legality review by OLC under this provision.   At the same time, Attorney General orders include not only regulations published in the Federal Register but also internal administrative orders of various types, including, for example, the appointment or designation of Department officials or Department delegations, the number of which are affected by many factors and may vary widely from year to year.   For each Attorney General order reviewed, OLC prepares a short form and legality memorandum to the Attorney General providing advice on the lawfulness and form of the order.   Although OLC does not track the circumstances in which requests for formal opinions arise in connection with proposed Attorney General orders or Department regulations, it is possible that issues raised during the form-and-legality review process may prompt a client agency request for a formal opinion on legal issues relating to a proposed order or regulation.   In such an event, the resulting opinion would be counted among the total number of formal opinions issued by the Office provided in response to question 3 above.   The following chart represents an estimate of the number of Attorney General orders reviewed by OLC each year, and an estimate of how many of those orders were published as regulations in the Federal Register:

| Calendar Year | Estimate of Total AG Orders | Estimate of Orders Published in Federal Register |
|---|---|---|
| 2005 | 47 | 11 |
| 2006 | 60 | 12 |
| 2007 | 71 | 13 |
| 2008 | 103 | 21 |
| 2009 | 94 | 10 |
| 2010 | 108 | 17 |
| 2011 | 75 | 13 |
| 2012 | 44 | 14 |
| 2013 | 51 | 11 |
| 2014 | 75 | 23 |
| 2015 | 122 | 15 |

The Honorable Jason Chaffetz
The Honorable Elijah E. Cummings
Page 4

5. **Documents sufficient to show how many formal OLC opinions have been released publicly each year from 2005 to 2015.**

Formal OLC opinions may be released publicly through a variety of mechanisms.   First, as described in the Best Practices Memorandum, OLC has a process in place for regular consideration and selection of its opinions for official publication.   In deciding whether an opinion merits publication, OLC considers such factors as the potential importance of the opinion to other agencies or officials in the Executive Branch, the likelihood that similar questions may arise in the future, the historical importance of the opinion or the context in which it arose, and the potential significance of the opinion to OLC's overall jurisprudence.   OLC also considers countervailing considerations such as the need "to preserve internal executive branch deliberative processes or protect the confidentiality of information covered by the attorney-client relationship between OLC and other executive offices."   Best Practices Memorandum at 6.   If OLC makes a preliminary judgment that the opinion may be appropriate for publication, OLC solicits the views of the requesting Executive Branch official or agency and any other Department components or Executive Branch agencies or entities that have interests that might be affected by publication.   After receiving any views, OLC makes a final determination regarding publication.

In addition, when OLC receives FOIA requests that cover formal opinions, as with all other documents, it considers whether the documents are exempt from disclosure, and, if so, whether the documents are appropriate for discretionary release.   The numbers set forth in the chart below do not include opinions that were released under FOIA but not formally published.   For information on that process, see the response below to question 8.

The following hardbound volumes of the Opinions of the Office of Legal Counsel were published over the time period for which your letter requests information.[2]   With the exception of the opinions published in the first volume of a new supplemental series,[3] many of these were published online before the final publication dates of the hardbound volumes:

| Volume | Year of Publication | Number of OLC Opinions |
|---|---|---|
| Vol. 21 (1997) | 2005 | 28 opinions |
| Vol. 22 (1998) | 2005 | 31 opinions |
| Vol. 23 (1999) | 2006 | 24 opinions |
| Vol. 24 (2000) | 2006 | 29 opinions |

---

[2] Imaged copies (i.e., in PDF form) of all hardbound volumes published by OLC are available online at https://www.justice.gov/olc/opinions-volume.   Imaged copies of the individual opinions in all hardbound volumes are also available in a searchable index at https://www.justice.gov/olc/opinions.

[3] The purpose of this supplemental series (Op. O.L.C. Supp.) is to provide a vehicle for publishing opinions that predate the commencement of the primary series (Op. O.L.C.) in 1977 and also for publishing post-1977 opinions even after publication of the hardbound volume for that opinion year.

The Honorable Jason Chaffetz
The Honorable Elijah E. Cummings
Page 5

| Volume | Year of Publication | Number of OLC Opinions |
|---|---|---|
| Vol. 25 (2001) | 2012 | 34 opinions |
| Vol. 26 (2002) | 2012 | 22 opinions |
| Vol. 27 (2003) | 2013 | 19 opinions |
| Vol. 28 (2004) | 2013 | 23 opinions |
| Supp. Vol. 1 (1933–77) | 2013 | 50 opinions |
| Vol. 29 (2005) | 2014 | 16 opinions |
| Vol. 30 (2006) | 2014 | 8 opinions |
| Vol. 31 (2007) | 2014 | 19 opinions |
| Vol. 32 (2008) | 2014 | 14 opinions |

For the years not yet covered by hardbound volumes in the primary series, the publication review process is continuing, and additional opinions issued during those years may still be published.   The following numbers of OLC opinions for those years, however, has already been published online, available at https://www.justice.gov/olc/opinions:

| Calendar Year | Opinions Already Published Online |
|---|---|
| 2009 | 19 opinions |
| 2010 | 10 opinions |
| 2011 | 11 opinions |
| 2012 | 11 opinions |
| 2013 | 4 opinions |
| 2014 | 3 opinions |
| 2015 | 1 opinion |

6. **Documents sufficient to show how many formal OLC opinions have been shared with Congress each year from 2005 to 2015, other than those shared publicly.**

In accordance with the new procedure established by the Attorney General and the Director of National Intelligence pursuant to section 322 of the Intelligence Authorization Act for Fiscal Year 2014, Pub. L. No. 113-126, 128 Stat. 1390, 1400-01 (2014), OLC now evaluates each classified opinion it issues to an element of the intelligence community to determine whether it would be appropriate for publication if not for the fact that the opinion contains classified national security information.   Any opinion that meets these criteria will be shared with the appropriate committees of Congress.   As of this time, no opinions have been shared pursuant to this procedure, although one classified opinion from 2015 is currently under review.   OLC has no system in place to track any other limited disclosures of opinions that may have occurred during the noted time period.

The Honorable Jason Chaffetz
The Honorable Elijah E. Cummings
Page 6

> **7. Documents sufficient to show how many FOIA requests OLC received each year from 2005 to 2015 requesting OLC opinions.**
>
> OLC receives FOIA requests on a variety of topics.   These requests may be divided roughly into three categories: (1) requests that expressly seek formal OLC opinions or, more generally, records containing OLC legal advice; (2) broader requests—for example those that seek correspondence between OLC and other executive branch entities, or all documents concerning a given topic or individual—that may include formal opinions among the responsive records, if such opinions exist, but do not expressly seek such opinions; and (3) requests that are extremely unlikely to include formal opinions as responsive, such as those seeking OLC's FOIA logs.
>
> The following chart represents OLC's total FOIA requests, as reported by the Department's Office of Information Policy ("OIP") at https://www.justice.gov/oip/reports-1, and an estimate of how many of those requests could be construed to potentially call for any responsive formal OLC opinions or other records containing OLC legal advice (that is, how many fall within the first two categories discussed above), regardless of whether any OLC formal opinions existed that were responsive to the requests.   Please note that this chart, in keeping with Department and government-wide practice, tracks FOIA requests by fiscal year, rather than by calendar year:

| Fiscal Year | Total FOIA Requests | Estimate of FOIA Requests That Potentially Call For Formal Opinions or Other Legal Advice |
|---|---|---|
| 2005 | 80 | N/A[4] |
| 2006 | 78 | N/A |
| 2007 | 72 | 48 |
| 2008 | 57 | 34 |
| 2009 | 79 | 64 |
| 2010 | 72 | 52 |
| 2011 | 77 | 49 |
| 2012 | 130 | 84 |
| 2013 | 86 | 47 |
| 2014 | 91 | 59 |
| 2015 | 111 | 67 |

---

[4] OLC's FOIA logs prior to Fiscal Year 2007 do not contain enough detail to identify the subject matter of the requests or the content of OLC's responses, and OLC's FOIA records from that era are not organized in a way that allows for this information to be easily reconstructed.

The Honorable Jason Chaffetz
The Honorable Elijah E. Cummings
Page 7

8. **Documents sufficient to show how many formal OLC opinions were released under FOIA each year from 2005 to 2015.**

We have provided below estimates of how many formal OLC opinions were provided to FOIA requesters in each year from 2005 to 2015.   Determining these numbers is particularly difficult because OLC's records do not track whether a document provided in response to a FOIA request in a given year was released for the first time in response to that request, or if it had also previously been released to another FOIA requester. Consequently, the following chart identifies OLC's estimate of how many formal opinions were provided to FOIA requesters in a given fiscal year.   Because OLC's FOIA records do not generally reflect when an opinion released in response to a FOIA request had been previously released to other FOIA requesters, these estimates include all opinions released to FOIA requesters in a given year regardless of whether the same opinions may have been previously released to another FOIA requester, except that we have excluded opinions from these counts where OLC's readily available records or other context clearly establish that the opinion had been previously released or published:

| Calendar Year | Estimate of Opinions Released to FOIA Requesters |
|---|---|
| 2005 | N/A[5] |
| 2006 | N/A |
| 2007 | 8 |
| 2008 | 2 |
| 2009 | 63 |
| 2010 | 19 |
| 2011 | 39 |
| 2012 | 56 |
| 2013 | 11 |
| 2014 | 21 |
| 2015 | 7 |

9. **Documents sufficient to show the average length of time each year from 2005 to 2015 for OLC to respond to FOIA requests.**

The following chart provides the median number of days taken by OLC to process simple, complex, and expedited FOIA requests, by fiscal year, drawn from data reported publicly by OIP at https://www.justice.gov/oip/reports-1:[6]

---

[5] *See supra* note 4.
[6] Prior to Fiscal Year 2008, the Department tracked only the median number of days taken by components to respond in each category.   From Fiscal Year 2008 to the present, further information, including the mean, median, highest, and lowest number of days for requests in each category, may be found in the published reports.

The Honorable Jason Chaffetz
The Honorable Elijah E. Cummings
Page 8

| Fiscal Year | Simple | Complex | Expedited |
|---|---|---|---|
| 2005 | 10 | 30 | 40 |
| 2006 | 10 | 60 | 45 |
| 2007 | 10 | 60 | N/A |
| 2008 | 35 | 134 | N/A |
| 2009 | 38 | 75 | N/A |
| 2010 | 15 | 178 | N/A |
| 2011 | 23.5 | 376 | 211 |
| 2012 | 7 | 195 | 118 |
| 2013 | 13 | 173 | 92.5 |
| 2014 | 11.5 | 193 | 46.5 |
| 2015 | 15 | 198 | 133 |

**10. Documents sufficient to show how many OLC employees have FOIA responsibilities in their job descriptions, along with the roles and responsibilities of each.**

OLC's FOIA administration and processing are carried out primarily by a FOIA Attorney and a Lead Paralegal under the supervision of a number of senior attorneys in OLC, with additional duties undertaken by OLC's Paralegal Supervisor and two other paralegals, as needed.   Other OLC attorneys also assist in the process as necessary, consistent with their other job responsibilities.

**11. Documents sufficient to show the records disposition guidelines that apply to OLC for Federal Records Act purposes.**

OLC records retention and disposition is covered by SF-115 Records Retention Schedule N1-060-10-31.   As described more fully therein, OLC program records are permanent with a 30-year retention after cut off.   The SF-115 includes the following eight categories of OLC records:

  a. OLC Leadership Program Records
  b. Daybooks
  c. Attorney General Orders
  d. Form and Legality Memoranda
  e. Presidential Executive Orders and Proclamations Tracking Logs
  f. Attorney General Numbering Log
  g. Formal Legal Opinions
  h. File Memoranda

E-mail records of OLC senior leadership are governed by Records Retention Schedule

The Honorable Jason Chaffetz
The Honorable Elijah E. Cummings
Page 9

SF-115, DAA-0060-2015-0006, the Department's Capstone schedule for Assistant
Attorneys General and their direct reports.[7]

## 12. Documents sufficient to show whether OLC, or the Department more generally, utilizes any automatic program, such as Capstone, for Federal Records Act purposes.

DOJ Order 0801 and DOJ Policy Statement 0801.04 provide high level policy for
Department-wide Records and Information Management and Department-wide e-mail
record retention respectively.   Capstone is not an automated program.   The Capstone
approach is a revised approach to record keeping that permits agencies to treat e-mail as a
records series (rather than segregate e-mail records by substance) for officials considered
Capstone officials.   As stated above, DOJ Policy Statement 0801.04 provides
Department-wide guidance on e-mail retention and sets forth the Department's
implementation of the "Capstone" approach in accordance with the Capstone schedule for
e-mail referenced above in response to question 11.   Records retention schedule
DAA-0060-2015-0006 applies the Capstone approach to OLC.   These records are
retained for thirty years after the individual's tenure ends and are then accessioned to
NARA.   For more information on Department-wide records retention, please refer to the
Department's Senior Agency Official for Records Management FY2015 Annual Report to
NARA, dated January 27, 2016, available at
https://www.archives.gov/records-mgmt/agency/doj-sao-annual-report-2015.pdf.

## 13. Documents sufficient to show the number of requests for informal advice received and the number of requests in which OLC provided informal advice each year from 2005 to 2015, including whether the request originated within the Department, another agency, or the Executive Office of the President.

OLC provides legal advice to client agencies throughout the executive branch.   Similar to
a law firm, OLC receives requests for legal advice and provides that legal advice in many
forms and across many media, both oral and written.   Consequently, OLC has no system
in place to track or record every conversation or communication that could be viewed as a
request for legal advice.

OLC treats prior advice of the Office as precedential, as described in the Best Practices
Memorandum.   To facilitate research regarding past OLC advice, OLC maintains a
database of unclassified legal advice provided to clients, formal and informal, for its own
internal research, regardless of the form the legal advice took or whether it was formally
published.[8]   The only mechanism OLC has for attempting to make a reasonable estimate
regarding the total quantity of legal advice given in a particular year across all formats is to

---

[7] The Records Retention Schedules discussed in this paragraph are enclosed.   They, and all other such schedules for
the Department, are publicly available at the website of the National Archives and Records Administration
("NARA"), at http://www.archives.gov/records-mgmt/rcs/schedules/?dir=/departments/department-of-justice/.

[8] Because it is kept current for OLC's internal research purposes, this database is also the starting point for most of
OLC's searches for records responsive to FOIA requests, especially when such requests seek records containing OLC
legal advice transmitted outside of the Office.

The Honorable Jason Chaffetz
The Honorable Elijah E. Cummings
Page 10

count the items in the database from each year, excluding records of OLC's decisions not
to comment on proposed legislation or testimony, which are referred to as "bill
no-comments" and stored separately.   Because of the nature of the database, the counts in
the following chart necessarily include the unclassified opinions noted in response to
question 3, above, and the form and legality memoranda associated with the AG orders
discussed in response to question 4, above:

| Calendar Year | Total Items, Excluding Bill No-Comments |
| --- | --- |
| 2005 | 304 |
| 2006 | 570 |
| 2007 | 742 |
| 2008 | 706 |
| 2009 | 610 |
| 2010 | 612 |
| 2011 | 699 |
| 2012 | 571 |
| 2013 | 521 |
| 2014 | 586 |
| 2015 | 628 |

14. **Information on whether Department e-mails containing legal guidance from OLC to the President, the Attorney General, or other agencies, whether formal or informal, are considered to be permanent federal records under the Department's applicable records schedules.**

OLC considers its written legal advice, no matter the form, to fall within one or more of the
categories of permanent federal records retained by OLC noted in response to question 11
above.

We hope this information is helpful.   Please do not hesitate to contact this office if we may
provide additional assistance regarding this or any other matter.

Sincerely,

Peter J. Kadzik
Assistant Attorney General