# EXHIBIT 6

# FBI AUTHORITY TO SEIZE SUSPECTS ABROAD

# HEARING

BEFORE THE

## SUBCOMMITTEE ON CIVIL AND CONSTITUTIONAL RIGHTS

OF THE

## COMMITTEE ON THE JUDICIARY

## HOUSE OF REPRESENTATIVES

ONE HUNDRED FIRST CONGRESS

FIRST SESSION

NOVEMBER 8, 1989

## Serial No. 134



Printed for the use of the Committee on the Judiciary

U.S. GOVERNMENT PRINTING OFFICE

39-314 ≈     WASHINGTON : 1991

For sale by the Superintendent of Documents, Congressional Sales Office
U.S. Government Printing Office, Washington, DC 20402

H521-45

## COMMITTEE ON THE JUDICIARY

JACK BROOKS, Texas, *Chairman*

ROBERT W. KASTENMEIER, Wisconsin
DON EDWARDS, California
JOHN CONYERS, JR., Michigan
ROMANO L. MAZZOLI, Kentucky
WILLIAM J. HUGHES, New Jersey
MIKE SYNAR, Oklahoma
PATRICIA SCHROEDER, Colorado
DAN GLICKMAN, Kansas
BARNEY FRANK, Massachusetts
GEO. W. CROCKETT, JR., Michigan
CHARLES E. SCHUMER, New York
BRUCE A. MORRISON, Connecticut
EDWARD F. FEIGHAN, Ohio
LAWRENCE J. SMITH, Florida
HOWARD L. BERMAN, California
RICK BOUCHER, Virginia
HARLEY O. STAGGERS, JR., West Virginia
JOHN BRYANT, Texas
MEL LEVINE, California
GEORGE E. SANGMEISTER, Illinois
CRAIG A. WASHINGTON, Texas

HAMILTON FISH, JR., New York
CARLOS J. MOORHEAD, California
HENRY J. HYDE, Illinois
F. JAMES SENSENBRENNER, JR., Wisconsin
BILL McCOLLUM, Florida
GEORGE W. GEKAS, Pennsylvania
MICHAEL DeWINE, Ohio
WILLIAM E. DANNEMEYER, California
HOWARD COBLE, North Carolina
D. FRENCH SLAUGHTER, JR., Virginia
LAMAR S. SMITH, Texas
CHUCK DOUGLAS, New Hampshire
CRAIG T. JAMES, Florida
TOM CAMPBELL, California

WILLIAM M. JONES, *General Counsel*
ROBERT H. BRINK, *Deputy General Counsel*
ALAN F. COFFEY, JR., *Minority Chief Counsel*

---

SUBCOMMITTEE ON CIVIL AND CONSTITUTIONAL RIGHTS

DON EDWARDS, California, *Chairman*

ROBERT W. KASTENMEIER, Wisconsin
JOHN CONYERS, JR., Michigan
PATRICIA SCHROEDER, Colorado
GEO. W. CROCKETT, JR., Michigan

F. JAMES SENSENBRENNER, JR., Wisconsin
WILLIAM E. DANNEMEYER, California
CRAIG T. JAMES, Florida

CATHERINE LeROY, *Chief Counsel*
IVY DAVIS, *Assistant Counsel*
STUART J. ISHIMARU, *Assistant Counsel*
JAMES X. DEMPSEY, *Assistant Counsel*
COLLEEN KIKO, *Minority Counsel*

(II)

# CONTENTS

## HEARING DATE

| | Page |
|---|---|
| November 8, 1989 | 1 |

### WITNESSES

| | |
|---|---|
| Barr, William P., Assistant Attorney General, Office of Legal Counsel, U.S. Department of Justice | 2 |
| Sofaer, Abraham D., the Legal Adviser, U.S. Department of State | 22 |
| Revell, Oliver B., Associate Deputy Director-Investigations, Federal Bureau of Investigation | 43 |

### LETTERS, STATEMENTS, ETC., SUBMITTED FOR THE HEARING

| | |
|---|---|
| Barr, William P., Assistant Attorney General, Office of Legal Counsel, U.S. Department of Justice: Prepared statement | 9 |
| Sofaer, Abraham D., the Legal Adviser, U.S. Department of State: Prepared statement | 26 |
| Revell, Oliver B., Associate Deputy Director-Investigations, Federal Bureau of Investigation: Prepared statement | 46 |

### APPENDIX

| | |
|---|---|
| Letter from Chairman Edwards to Attorney General Thornburgh, dated November 2, 1989 | 73 |
| Letter from Assistant Attorney General Crawford to Chairman Edwards, dated November 7, 1989 | 74 |
| Office of Legal Counsel opinion, March 31, 1980 | 75 |
| Letter from Chairman Edwards to Attorney General Thornburgh, dated November 20, 1989 | 91 |
| Letter from Attorney General Thornburgh to Chairman Edwards, dated November 28, 1989 | 92 |
| Letter from Chairman Edwards to Attorney General Thornburgh, dated December 7, 1989 through January 24, 1990 | 94 |
| Letter from Assistant Attorney General Barr to Chairman Edwards, dated January 24, 1990 | 99 |
| Letter from Chairman Brooks to Attorney General Thornburgh, dated January 31, 1990 | 101 |
| Memorandum from the General Counsel to the Clerk of the House dated November 8, 1989, re: "Justice Department Assertions of Unconstitutionality of Laws Implementing Congressional Authority" | 103 |
| Letter from Attorney General Thornburgh to Chairman Brooks, dated February 20, 1990 | 118 |
| Letter from Attorney General Thornburgh to Chairman Brooks, dated May 17, 1990 | 122 |
| Executive Order 12146, "Management of Federal Legal Resources" | 124 |



# Office of the Attorney General
## Washington, D.C. 20530

May 17, 1990

Honorable Don Edwards
Committee on the Judiciary
U.S. House of Representatives
Washington, D.C.  20515

Dear Don:

Yesterday, when I testified before the Judiciary Committee, you asked me two questions relating to the binding nature of opinions issued by the Department's Office of Legal Counsel (OLC).  This letter is intended to dispel any confusion which may have resulted from my response.

In your first question, you asked me whether I would be able to provide you with a copy of OLC's opinion on extra-territorial arrest authority.  As I have indicated in a letter I sent to Chairman Brooks recently, and in my answer to you yesterday, OLC's legal advice to me is analogous to confidential information conveyed in the context of a lawyer-client relationship.  It is therefore not binding, but rather advisory.

When you next asked me about OLC's 1987 opinion on the applicability of the Davis-Bacon Act to leases negotiated by the Veterans Administration, now the Department of Veterans Affairs (VA), I did not clarify the distinction between advisory opinions conveyed to me and OLC opinions issued for the purpose of resolving disputes between agencies within the Executive Branch. OLC issued its Davis-Bacon Opinion in its latter role, and its determination that VA leases of privately owned facilities are not covered by the Act is binding on both the Department of Labor and the VA, as well as other agencies involved in the dispute.

OLC has long performed this role, which is reflected in Executive Order 12146 (enclosed), issued during the Carter Administration and continued in effect ever since.  As you can see, its purpose was to authorize the Attorney General, and, hence, OLC, to resolve legal disputes within the Executive Branch.  Without the ability to issue binding opinions, OLC's review function would have less effect in resolving disputes and maintaining a consistent legal position within the Administration.

- 2 -

I hope the foregoing has clarified matters, and I look forward to working with you and your colleagues in the weeks and months remaining in this Congress.

Sincerely,

Dick Thornburgh
Attorney General

Enclosure

cc: Honorable Jack Brooks

nees. The Attorney General shall receive recommendations of such persons from any person, commission or organization.

1-103. The use of commissions to notify the public of vacancies and to make recommendations for district judge is encouraged. The Attorney General shall make public the suggested guidelines for such commissions.

1-104. Before making recommendations, the Attorney General shall consider whether:

(a) Public notice of the vacancy has been given and an affirmative effort has been made, in the case of each vacancy, to identify qualified candidates, including women and members of minority groups;

(b) The selection process was fair and reasonable;

(c) The person or persons recommended meet the standards for evaluation set forth in Section 1-2 of this Order.

1-105. In evaluating proposed nominees, consideration will be given to reports of Department of Justice investigations and all other relevant information concerning potential nominees and their qualifications.

1-2. *Standards for Evaluating Proposed Nominees.*

1-201. The standards to be used in determining whether a person is qualified to serve as a district judge are whether that person:

(a) Is a citizen of the United States, is a member of a bar of a state, territory, possession or the District of Columbia, and is in good standing in every bar in which that person is a member;

(b) Possesses, and has a reputation for, integrity, good character, and common sense;

(c) Is, and has a reputation for being, fair, experienced, even-tempered and free of biases against any class of citizens or any religious or racial group;

(d) Is of sound physical and mental health;

(e) Possesses and has demonstrated commitment to equal justice under law;

(f) Possesses and has demonstrated outstanding legal ability and competence, as evidenced by substantial legal experience, ability to deal with complex legal problems, aptitude for legal scholarship and writing, and familiarity with courts and their processes;

(g) Has the ability and the willingness to manage complicated pretrial and trial proceedings, including the ability to weigh conflicting testimony and make factual determinations, and to communicate skillfully with jurors and witnesses.

1-3. *Amendments of Existing Orders.*

[Sec. 1-3 amended EO 12059 of May 11, 1978, and EO 12084 of Sept. 27, 1978, both of which were revoked by EO 12305 of May 5, 1981.]

### Executive Order 12146—Management of Federal legal resources

SOURCE: The provisions of Executive Order 12146 of July 18, 1979, appear at 44 FR 42657, 3 CFR, 1979 Comp., p. 409, unless otherwise noted.

By the authority vested in me as President by the Constitution and statutes of the United States of America, it is hereby ordered as follows:

1-1. *Establishment of the Federal Legal Council.*

### Chapter 28—Judicial Administration

1-101. There is hereby established the Federal Legal Council, which shall be composed of the Attorney General and the representatives of not more than 15 other agencies. The agency representative shall be designated by the head of the agency.

1-102. The initial membership of the Council, in addition to the Attorney General, shall consist of representatives designated by the heads of the following agencies:
  (a) The Department of Commerce.
  (b) The Department of Defense.
  (c) The Department of Energy.
  (d) The Environmental Protection Agency.
  (e) The Equal Employment Opportunity Commission.
  (f) The Federal Trade Commission.
  (g) The Department of Health, Education, and Welfare.[1]
  (h) The Interstate Commerce Commission.
  (i) The Department of Labor.
  (j) The National Labor Relations Board.
  (k) The Securities and Exchange Commission.
  (l) The Department of State.
  (m) The Department of the Treasury.
  (n) The United States Postal Service and
  (o) the Veterans Administration.

1-103. The initial members of the Council shall serve for a term of two years. Thereafter, the agencies which compose the membership shall be designated annually by the Council and at least five positions on the Council, other than that held by the Attorney General, shall rotate annually.

1-104. In addition to the above members, the Directors of the Office of Management and Budget and the Office of Personnel Management, or their designees, shall be advisory members of the Council.

1-105. The Attorney General shall chair the Council and provide staff for its operation. Representatives of agencies that are not members of the Council may serve on or chair subcommittees of the Council.

1-2. *Functions of the Council.*

1-201. The Council shall promote:
  (a) coordination and communication among Federal legal offices;
  (b) improved management of Federal lawyers, associated support personnel, and information systems;
  (c) improvements in the training provided to Federal lawyers;
  (d) the facilitation of the personal donation of *pro bono* legal services by Federal attorneys;
  (e) the use of joint or shared legal facilities in field offices; and
  (f) the delegation of legal work to field offices.

1-202. The Council shall study and seek to resolve problems in the efficient and effective management of Federal legal resources that are beyond the capacity or authority of individual agencies to resolve.

1-203. The Council shall develop recommendations for legislation and other actions: (a) to increase the efficient and effective operation and management of Federal legal resources, including those matters

---

[1] EDITORIAL NOTE: Redesignated as the Department of Health and Human Services by Pub. L. 96-88 (93 Stat. 695, 20 U.S.C. 3508).

**Codification of Presidential Proclamations and Executive Orders**

specified in Section 1-201, and (b) to avoid inconsistent or unnecessary litigation by agencies.

1-3. *Litigation Notice System.*

1-301. The Attorney General shall establish and maintain a litigation notice system that provides timely information about all civil litigation pending in the courts in which the Federal Government is a party or has a significant interest.

1-302. The Attorney General shall issue rules to govern operation of the notice system. The rules shall include the following requirement:

(a) All agencies with authority to litigate cases in court shall promptly notify the Attorney General about those cases that fall in classes or categories designated from time to time by the Attorney General.

(b) The Attorney General shall provide all agencies reasonable access to the information collected in the litigation notice system.

1-4. *Resolution of Interagency Legal Disputes.*

1-401. Whenever two or more Executive agencies are unable to resolve a legal dispute between them, including the question of which has jurisdiction to administer a particular program or to regulate a particular activity, each agency is encouraged to submit the dispute to the Attorney General.

1-402. Whenever two or more Executive agencies whose heads serve at the pleasure of the President are unable to resolve such a legal dispute, the agencies shall submit the dispute to the Attorney General prior to proceeding in any court, except where there is specific statutory vesting of responsibility for a resolution elsewhere.

1-5. *Access to Legal Opinions.*

1-501. In addition to the disclosure now required by law, all agencies are encouraged to make available for public inspection and copying other opinions of their legal officers that are statements of policy or interpretation that have been adopted by the agency, unless the agency determines that disclosure would result in demonstrable harm.

1-502. All agencies are encouraged to make available on request other legal opinions, when the agency determines that disclosure would not be harmful.

1-6. *Automated Legal Research and Information Systems.*

1-601. The Attorney General, in coordination with the Secretary of Defense and other agency heads, shall provide for a computerized legal research system that will be available to all Federal law offices on a reimbursable basis. The system may include in its data base such Federal regulations, case briefs, and legal opinions, as the Attorney General deems appropriate.

1-602. The Federal Legal Council shall provide leadership for all Federal legal offices in establishing appropriate word processing and management information systems.

1-7. *Responsibilities of the Agencies.*

1-701. Each agency shall (a) review the management and operation of its legal activities and report in one year to the Federal Legal Council all steps being taken to improve those operations, and (b) cooperate with the Federal Legal Council and the Attorney General in the preformance of the functions provided by this Order.

### Chapter 28—Judicial Administration

1-702. To the extent permitted by law, each agency shall furnish the Federal Legal Council and the Attorney General with reports, information and assistance as requested to carry out the provisions of this Order.

### Executive Order 12250—Leadership and coordination of nondiscrimination laws

SOURCE: The provisions of Executive Order 12250 of Nov. 2, 1980, appear at 45 FR 72995, 3 CFR, 1980 Comp., p. 298, unless otherwise noted.

By the authority vested in me as President by the Constitution and statutes of the United States of America, including section 602 of the Civil Rights Act of 1964 (42 U.S.C. 2000d-1), Section 902 of the Education Amendments of 1972 (20 U.S.C. 1682), and Section 301 of Title 3 of the United States Code, and in order to provide, under the leadership of the Attorney General, for the consistent and effective implementation of various laws prohibiting discriminatory practices in Federal programs and programs receiving Federal financial assistance, it is hereby ordered as follows:

1-1. *Delegation of Function.*

1-101. The function vested in the President by Section 602 of the Civil Rights Act of 1964 (42 U.S.C. 2000d-1), relating to the approval of rules, regulations, and orders of general applicability, is hereby delegated to the Attorney General.

1-102. The function vested in the President by Section 902 of the Education Amendments of 1972 (20 U.S.C. 1682), relating to the approval of rules, regulations, and orders of general applicability, is hereby delegated to the Attorney General.

1-2. *Coordination of Nondiscrimination Provisions.*

1-201. The Attorney General shall coordinate the implementation and enforcement by Executive agencies of various nondiscrimination provisions of the following laws:

(a) Title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d *et seq.*).

(b) Title IX of the Education Amendments of 1972 (20 U.S.C. 1681 *et seq.*).

(c) Section 504 of the Rehabilitation Act of 1973, as amended (29 U.S.C. 794).

(d) Any other provision of Federal statutory law which provides, in whole or in part, that no person in the United States shall, on the ground of race, color, national origin, handicap, religion, or sex, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance.

1-202. In furtherance of the Attorney General's responsibility for the coordination of the implementation and enforcement of the nondiscrimination provisions of laws covered by this Order, the Attorney General shall review the existing and proposed rules, regulations, and orders of general applicability of the Executive agencies in order to identify those which are inadequate, unclear or unnecessarily inconsistent.